1834.

Hart
v.
Small.

---

## HART and others *vs.* D. & A. SMALL.

A defendant who has appeared by a solicitor, is entitled to notice of all the subsequent proceedings in the cause, although he suffers the complainant's bill to be taken as confessed; and a decree taken against him ex parte, without notice to his solicitor of the hearing, will be set aside as irregular.

THE defendants in this cause appeared by their solicitor, and put in their answers to the complainants' bill. But the answers, upon exceptions taken thereto, being found insufficient, the bill was taken as confessed against the defendants, in consequence of their neglect to perfect their answers within the time prescribed by the order of the court. The complainants' solicitor, thereupon, placed the cause upon the calendar for hearing, at a stated term of the court; but he neglected to give notice of such hearing to the solicitor for the defendants. (*Ante,* 333, *S. C.*)

August 27.

*J. N. Cushman,* for the complainants, now moved for a decree, ex parte, upon the bill taken as confessed.

THE CHANCELLOR said, that where a defendant had appeared by a solicitor, he was entitled to notice of all subsequent proceedings in the cause, although he had suffered the complainant's bill to be taken as confessed for want of an answer. That such was the decision of this court, in January, 1833, in the case of *Wager* v. *Stickle*, not reported ; where a decree, upon a bill taken as confessed, which had been entered ex parte and without notice of the hearing to the defendant's solicitor, was set aside as irregular. That in *Rose* v. *Woodruff*, (4 *John. Ch. Rep.* 547,) a loose expression of the chancellor had been introduced into the report of the case which was calculated to mislead. That *Rose* v. *Woodruff* was undoubtedly a case of a bill taken as confessed against the defendant for want of an appearance. And the late Chancellor Kent only meant to say, that in such a case the complainant was not required to give notice of the hearing to the defendants, either by a personal service on him, or by affixing the notice in the register's or clerk's office—a principle which is now settled and declared in the last clause of the 16th rule of this court.

The chancellor said it was frequently the case that all the material facts in the cause were correctly and truly set forth in the complainant's bill ; and that in such a case, although the defendant admitted the facts, by suffering the bill to be taken as confessed, it might still be very important, for the preservation of his rights, that he should be heard before the court, as to the nature and extent of the relief to which the complainant was entitled, upon the facts thus set forth and admitted. And that there was no good reason why the defendant should be deprived of his right to be heard upon the entering of the decree, on the supposition that he had abandoned his rights, because he had suffered the bill to be taken as confessed, instead of subjecting himself or the complainant to the additional costs and useless expense which would have arisen from the putting in of an answer, admitting the same facts, though in a different form.

The cause was therefore directed to stand over, that notice of the hearing might be given to the solicitor for the defendants.