BUCK et al. *v.* FISCHER et al.

PRACTICE — *notice of hearing before a master.* Upon bill to foreclose a mortgage taken as confessed, and referred to a master to take proofs, and report the amount due on the mortgage, defendants are not entitled to notice of the hearing before the master.

MORTGAGEE'S ESTATE *goes to his personal representative.* Upon the death of a mortgagee, his estate in the mortgaged premises passes to his personal representative, and a bill to foreclose the mortgage cannot be maintained by his devisee and legatee.

PLEADING — *complainants, who sue as representatives* of an estate, should show that they are such in the bill, and it is not sufficient that the fact appears in an exhibit attached to the bill.*

*Error to District Court, Arapahoe County.*

THE bill was filed by Amelia L. Fischer and C. F. A. Fischer against Wm. Buck, Karl E. Ammunn and A. K. Buck, to foreclose a mortgage given by the said William Buck to Frantz A. Brocker. The bill was dismissed as to Ammunn, and the other defendants demurred. As originally framed, complainants appeared to claim in their own right, and the demurrer was sustained, apparently on that ground. The bill was subsequently amended so as to show the death of Brocker, leaving the said Amelia his sole legatee and devisee, and that she, before the commencement of the suit, intermarried with the said C. F. A. Fischer, who was, at the time of the bringing of the suit, and at the time of making the amendment, her lawful husband.

There was filed with the bill, as an exhibit, the last will and testament of Brocker, from which it appeared that the said Amelia was appointed sole executrix of his estate, and also that he had bequeathed all his property to her, but there was not in the bill any allegation or statement that she was executrix, or that she sued as such. After the amendment, the bill was taken as confessed, and referred to a master to compute the amount due.

The other facts are stated in the opinion of the court.

---

* S. C., *post.*

Mr. E. L. SMITH, for plaintiff in error.

Messrs. BROWNE & PUTNAM, for defendants in error.

BELFORD, J. This was a bill in chancery, brought by Amelia Fischer, sole devisee and legatee of Frantz A. Brocker, to foreclose a mortgage. The respondents appeared, submitted to a rule to plead ; made default, and thereupon the bill was referred to the master. Upon the incoming of his report, numerous exceptions were taken, and, among them, that the respondents had no notice of the time and place where the evidence was to be taken, and had no opportunity to cross-examine the witnesses, etc. They, at the same time, moved to have the cause re-referred to the master, so that the witnesses might be cross-examined. The exceptions and motion were both overruled. The first question to be considered is, whether the respondents were entitled to notice of the proceedings to be taken subsequent to the default. Mr. Daniel, in his Chancery Practice, vol 2, 1152, states that the general rule, that all persons having an interest in the result of the proceedings should have notice of the attendance before the master, extends to cases in which a defendant, after appearance, has allowed the bill to be taken *pro confesso*, and a decree to be made for want of an answer. In such cases, as well as in cases where the decree has been made upon the answer of the party, it is necessary to serve him with notice upon all proceedings, in the master's office, by which his interests are in any way affected. It is to be remembered, however, that a distinction exists in this respect between decrees *pro confesso*, for want of appearance, and decrees *pro confesso*, for want of an answer. In the former, there being no one whom the plaintiff can serve, all the necessary proceedings must necessarily be *ex parte*. In New York the same decision as to notice is announced, and the same distinction maintained. *Hart* v. *Small*, 4 Paige, 551. It must be observed that in England, although a party who has appeared, but who has allowed a decree to be taken against him *pro confesso*, for want of an answer, is entitled to have notice of the proceed-

ings against him under the decree in the master's office, he will not be entitled to appear upon such notice before the master, without previously obtaining an order for that purpose. The order will not be granted, except upon terms. In the case of *Moore* v. *Tilman* a different rule is announced. The court there restricts the right to notice to those cases only where there is a contest. That is, where there is an issue formed. 33 Ill. 358.

We are of the opinion that a decree *pro confesso* admits all the allegations of the bill that are well pleaded. Nor do we conceive it necessary, in such a case, to refer the cause to the master. Why prove what is already admitted? Or why should the party in default be notified of the time the complainant will submit evidence to the master of a fact that the respondent has already conceded to exist?

A party engaged in a cause is presumed to be in court, and taking note of events as they occur. When the complainant seeks to have his decree entered, the respondent may resist the same, if the nature and extent of the decree goes beyond the relief to which the complainant is entitled. Beyond this, his rights do not go, and, if he would avail himself of this privilege, he should be where the law presumes him to be—in court. We think, in cases of this character, no notice is required.

A more serious question arises in reference to the capacity of the plaintiff to maintain this action. The rule universally obtains in this country that the interest of the mortgagee will always go to his personal representative, whether it be for a term of years or in fee, it being regarded, in all cases, as mere personalty, and strictly a chattel interest. Redf. on Wills, vol. 3, p. 144.

Parker, C. J., in *Scott* v. *MacFarland*, 13 Mass. 311, says: "The mortgage is a mere chattel, of which the administrator has the control. He is responsible for the debt for which it is a pledge." The money, to secure which the mortgage is given, having come out of the personal estate of the mortgagee, it is deemed just that it should be returned to it, and stand as a fund, out of

which to satisfy his creditors.  It is to the personal representative that the creditors look for the payment of their demands ; and as the law requires these demands to be satisfied in the first instance out of the personal estate, it is indispensable that the administrator or executor should have full control of the same.  If a devisee or legatee has the right to maintain an action on a mortgage, the right must extend to all other instruments, such as notes, bonds, and bills of exchange.  If we concede this right, we introduce into the settlement of decedents' estates a principle that has not been heretofore recognized, namely, the duty of joining legatees with the personal representatives in all actions brought for the collection of claims due the estate, for it will hardly be contended that the administrator or executor is incapable of suing.  To one or the other belongs the exclusive right of managing the personal estate, of marshaling the assets, granting discharges and acquittances, paying the debts, and the uniform practice of all courts recognizes this right to exist and abide in the personal representative.  Who is required to account to the court for the administration of this class of property ?  Clearly not the legatee, nor is he required to do it jointly with the executor.  It seems to me, therefore, to be clear that this action cannot be maintained.  It is claimed, however, that the exhibits attached to the bill show that the complainant is executrix.  This is conceded, but the majority of the court are of the opinion that the exhibits cannot be allowed to supplement the allegations of the bill.  The allegations of the bill must show a case without regard to the exhibits, because they cannot be taken as a part of it.  Such being the case, we must regard this suit as brought by Mrs. Fischer as devisee, and not otherwise, and therefore the action cannot be maintained.  The decree of the court below is reversed and cause remanded, with leave to the complainant to amend her bill so that it may show that she is the executrix, if such is the fact.

*Reversed.*