## MICHAEL STENGER

*v.*

## ISAAC EDWARDS.

1. MORTGAGE—*priority as between mortgagee of tenant in common and his co-tenant.* Where a tenant in common, with the consent of his co-tenant, improves the estate before the execution of a mortgage by the latter, one-half the outlay will be a prior lien to that of the mortgage, and will be first paid out of the proceeds of the sale under the mortgage.

2. TENANTS IN COMMON—*no lien for rents received.* If one tenant in common receives the rents of the estate, the other tenant can have no lien on the land for his share of the same. His remedy is by action of account.

3. PARTITION—*attorney's fee.* Where a proceeding for the partition of land is an amicable one, a solicitor's fee may be taxed as costs, to be paid *pro rata* by all the parties, but not if there is a contest.

WRIT OF ERROR to the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. C. J. METZNER, for the plaintiff in error.

Mr. FRANK M. ANNIS, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a petition for partition in the Court of Common Pleas of the city of Aurora, in the county of Kane, filed by Isaac Edwards, against Otto Groch and the other heirs at law of Robert Groch, deceased, claiming one equal part of certain premises, particularly described in the petition, as tenants in common. One Michael Stenger, a mortgagee of Groch's interest, was made a party.

Answers were put in, and replications, and, on the hearing, the court adjudged a partition of the premises in equal parts, the one-half allotted to the heirs of Groch to be subject to Stenger's mortgage, the amount of which was found to be eight thousand three hundred and nineteen dollars and forty-four cents.

It appears the premises had upon them a stone-quarry and lime-kiln, and three small dwelling houses; and the court found that Groch, in his lifetime, had the entire use and benefit thereof, and that petitioner's share thereof amounted to two hundred and forty-three dollars and fourteen cents, and that Edwards had expended in the improvement of the property a sum of money, the one-half of which would amount to forty-nine dollars and forty-four cents, all which, by the decree of the court, were made a lien on Groch's interest, prior to that of Stenger's mortgage. An attorney's fee of one hundred dollars was also allowed, and charged upon the same interest.

Commissioners were appointed to divide the land equally between the petitioner and the heirs of Groch, and having

performed that duty, by dividing the same, reported to the court, and their report was confirmed.

To reverse these proceedings, Stenger, the mortgagee, brings the record here by writ of error, and complains that his mortgage is postponed to the rents collected by Groch, in his lifetime, to the cost of the improvements made by petitioner on the premises, to one-half the avails of the use of the lime-kiln, and in charging the solicitor's fee against the Groch interest, and making each and all these items a prior lien upon the premises.

We are of opinion, so far as the improvements on the land are involved, and as having been made by the petitioner with the consent of Groch, in his lifetime, and before the execution of the mortgage to the plaintiff in error, one-half the outlay for the same should be held and regarded as a prior lien, and should be first paid out of the proceeds of the sale under the mortgage. *Gardner* v. *Diederichs,* 41 Ill. 158. But the record is silent as to the time, whether before or after the execution of the mortgage. As to the rents received by Groch, to one-half of which defendant in error claims to have been entitled, we are referred to no authority under which they could be considered a lien. The remedy in such case would be by action of account.

Adjudging solicitor's fee against the defendants in the petition was error, as the suit does not appear to have been an amicable proceeding, but was contested. Answers were put in, and replications, and the cause went regularly to a hearing and final decree. By the construction heretofore given to the act of 1869, it is only in case of an amicable suit for partition the solicitor's fee can be taxed as costs *pro rata* against all the parties. *Kilgour et al.* v. *Crawford et ux.* 51 Ill. 249.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*