William H. Angelo e' al.

v.

Oscar N. Angelo et al.

*Filed at Springfield October 27, 1893.*

1. Chancery—*decree on grounds not alleged in bill is error.* A decree setting aside a tax deed on grounds not alleged in the bill, but on a different ground, is erroneous, without reference to the proofs. Proofs without allegations are, in equity, as unavailing as allegations without proof.

2. A bill sought to set aside a tax deed on the ground that it was obtained through fraud and collusion of the grantee therein — and

another, whose duty it was to pay the taxes. There was no proof of fraud or collusion, but the court set the deed aside for defects in the notice of the sale for taxes, there being no charge in the bill of any defects in the notice of sale : *Held*, that the decree was clearly erroneous.

3. TENANT IN, COMMON—*liability to account to co-tenant for rents and profits.* The liability of one tenant in common to account to his co-tenant may arise either from receiving from a third person more than his share of the rents and profits, or from appropriating to his own use more than his proportion of the common estate.

4. SAME—*sufficiency of bill for an accounting as to rents and profits.* A bill by one tenant in common against another, to recover rents and profits, or to recover for use and occupation, which fails to show that the defendant received any rents and profits from a third person, or that he rented the land or any part thereof, or even what the rental value of the land was during the time charged for, and which also makes no attempt to show that the defendant refused to allow the complainant to occupy the premises or control his interest in the same, or that complainant made any attempt or effort to occupy the premises, is clearly bad, and subject to demurrer.

5. SAME—*remedy between.* At common law one tenant in common could not be compelled to account to another for rents and profits, to remedy which hardship the statute of 4 and 5 Anne, chap. 16, was passed. To the same effect is our statute. (Chap. 2, sec. 1.) The remedy given is an action to compel an accounting, which may be by bill in chancery.

6. SAME—*lien on interest of tenant in common in favor of co-tenant.* There is no such thing known to the law as a lien, in the first instance, in favor of one tenant in common upon the interests of the other, for rents and profits.

WRIT OF ERROR to the Circuit Court of Morgan county ; the Hon. CYRUS EPLER, Judge, presiding.

Mr. T. J. TAYLOR, for the plaintiffs in error :

The circuit court had no jurisdiction, in equity, to set aside the tax title on the ground the notices of the sale are defective, there being no fraud shown, and the purchaser having complied with the statute in obtaining her deed. *Hamilton* v. *Quimby,* 46 Ill. 90 ; *Springer* v. *Rosette,* 47 id. 223.

Fraud should be specifically charged and proven, and is not presumed to exist.   *McConnell* v. *Wilcox*, 1 Scam. 344 ; *Ransom* v. *Henderson*, 114 Ill. 528 ; *Miller* v. *Howell*, 1 Scam. 500 ; *Elston* v. *Blanchard*, 2 id. 420.

Messrs. Morrison & Whitlock, for the defendants in error:

The only remedy to collect the portion of the rents due Aldridge was in equity.

The tax deed was void for many reasons, one of which was, that the affidavit did not show how the notices were served. *Hughes* v. *Carne*, 135 Ill. 519 ; *Harding* v. *Brophy*, 133 id. 39 ; *Smith* v. *Prall*, id. 313.

Mr. Justice Wilkin delivered the opinion of the Court:

This is error to the court below, on the bill of defendants in error against plaintiffs in error, setting aside a tax deed, and ordering certain lands sold for the payment of rent found to be due from William H. Angelo to Charlotte Aldridge.   It appears from the pleadings in the case, that certain real estate was conveyed in September, 1871, to the complainant Oscar N. Angelo, in fee, subject to a life estate in his parents, William H. Angelo and Charlotte Angelo, (now Charlotte Aldridge,) as tenants in common.   These life tenants entered into possession of the land, and William H. continued to occupy the same to the bringing of this suit.   Charlotte separated from her husband, obtained a divorce, and intermarried with one Aldridge, and has not occupied any part of the premises for several years.   Taxes assessed against the land remained unpaid, for which it was sold in May, 1889, and purchased by the defendant Mary Stewart, who, in due course of time, took a tax deed for the same.   The bill seeks to set aside that deed, alleging for cause that it was obtained through the collusion and fraud of Mary Stewart and William H. Angelo.

It appears that in June, 1890, Charlotte Aldridge, on a bill by her against William H., obtained a decree for $846.48, for

the use of her part of the common property.   The present bill was filed August 5, 1891, and seeks to recover, not only rents due since that time, but also the amount of the former decree, and prays that the interest of William H. be sold for the purpose of paying the same.   The defendants answered separately, each denying that there was any collusion or fraud on their part in regard to the sale of the lands for taxes or in obtaining the tax deed by Mary Stewart.   William H. further denied that the complainant Charlotte was entitled to recover from him any rents or profits of the land.   He also set up against the prayer for a sale of the premises, a homestead right in his interest.

On the 12th of October, 1892, a decree was rendered, reciting that said tax deed "was and is void because of defects in the notice of the sale for taxes, and the same is therefore annulled and set aside as a cloud upon the title to said land, but   *   *   *   that in equity the said Mary Stewart is entitled to have her money so advanced repaid to her out of the proceeds of the sale of said land," etc.   It also confirmed the decree of June, 1890, and decreed that the defendant William H. should pay the complainant Charlotte an additional amount of $175 as rent, making in all the sum of $1021.48, and ordered the premises sold for the payment thereof, the sale to be free from any claim of homestead by William H.

It is insisted that the decree is erroneous on both branches of the case.   Clearly the order setting aside the tax deed can not be upheld, for the reason that it is based upon a ground entirely foreign to the issues in the case.   There is no allegation in the bill that the notice of the tax sale was defective. The sole and only ground upon which it seeks to avoid the sale and deed is the misconduct, fraud and collusion of William H. Angelo and Mary Stewart, in whose name the deed was taken.   The decree, in effect, finds that issue for the defendants, but then goes entirely outside the bill and sets the deed aside because of defects in the notice.   This was clearly

error, without reference to the proofs. The rule that proofs without corresponding allegations are in equity as unavailing as allegations without proofs, is familiar to every lawyer.

On the other branch of the case the bill is fatally defective, and the demurrer filed to it should have been sustained. It is a bill by one tenant in common against another to recover rents and profits, or to recover for use and occupation. It does not attempt to show that the defendant received rents and profits from a third person, that he rented the land or any part of it, or even what the rental value of it was during the time charged for. No attempt whatever is made by it to show that the defendant refused to allow the complainant to occupy the premises or to control her interest in the same, or that she made any effort or attempt to do so. It does no more than to aver that the defendant occupied the common property and the complainant did not. No facts are alleged upon which to base the prayer for a sale of the interest of the defendant, even if the bill were otherwise sufficient, neither is it in any way shown that this bill is necessary to enforce the collection of the former decree. In short, the bill shows, on its face, that it was filed without any regard to well established rules of law governing the rights of co-tenants.

At the common law one tenant in common could not be compelled to account to another for rents and profits, to remedy which hardship the statute of 4 and 5 Anne, chap. 16, was enacted. (Freeman on Co-tenancy and Partition, sec. 270.) To the same effect is our statute. (Sec. 1, chap. 2, 1 Starr & Curtis, 187.) The remedy is by action to compel an accounting, now almost universally pursued by bill in equity, and expressly authorized by the 18th section of the chapter of our statute above referred to.

The liability of one co-tenant to account to another may arise either from receiving from a third party more than his share of the rents and profits, or from his appropriating to his own use more than his proportion of the common estate.

(See Freeman on Co-tenancy and Partition, sec. 272.) It is impossible to tell upon which of these grounds the liability is based, but it is clear the bill is insufficient in any view. Clearly, it makes no case on the first ground, for the reason, as already stated, it wholly fails to show the receipt of any rents by William H. It is equally defective on the second, because it does no more than show occupancy by the defendant and forbearance to occupy by complainant. (*Chapin et al.* v. *Foss,* 75 Ill. 280; *Boley* v. *Barutio,* 120 id. 192, and cases cited.) Moreover, no attempt is made to state the rental value of the land. Again, there is no such thing known to the law as a lien, in the first instance, in favor of the complaining tenant against the interest of the other, for rents and profits. *Stenger* v. *Edwards,* 70 Ill. 631.

But it is useless to pursue this inquiry. No one can seriously contend that an account could be stated between these parties on this bill if every fact stated in it were admitted to be true. The case is very meagerly presented by the abstract, and the argument on behalf of appellants on this branch of the record is confined to a discussion of the homestead rights of William H. Angelo as against the decree of sale. In our opinion that question is not reached for the reason that no right of action is shown by the bill, and if there had been a peremptory decree for the sale of the land it would have been erroneous.

The decree of the circuit court is reversed and the cause remanded.

*Decree reversed.*