BESSIE SMITH

*v.*

GEORGE W. KNEER *et al.*

*Opinion filed June 16, 1903.*

1. HOMESTEAD—*when homestead estate does not exist.* A homestead estate does not exist in farm property where the premises have been abandoned as a residence by both husband and wife with no intention of returning, and the farm is in possession of the husband's tenant.

2. EQUITY—*evidence must support allegations to justify relief.* A party is not entitled to relief upon grounds not alleged in the bill nor upon proof of facts different from those alleged.

3. SAME—*when allegations are not supported by proof.* Allegations in a bill to set aside a deed that the deed was without consideration and that complainant did not sign the deed so as to release her homestead are not supported by proof that the deed was for a valuable consideration, that the homestead had been abandoned and that the deed was made with the fraudulent intent to hinder complainant in collecting alimony.

APPEAL from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

JAMES A. CAMERON, and ARTHUR KEITHLEY, for appellant:

A wife driven from her home by the misconduct of her husband carries with her all her marital rights, including the right to preclude the conveyance or mortgaging the homestead without her consent. *Sherrid* v. *Southwick*, 43 Mich. 515; *Meader* v. *Place*, 43 N. H. 307.

In this State the homestead cannot be conveyed, as against the grantor, unless the deed is signed by both the husband and wife and the acknowledgment so recites. *Richards* v. *Green*, 73 Ill. 54; *Leonard* v. *Crane*, 147 id. 52.

Where the wife of a party having a homestead right obtains a divorce from him, she being the meritorious cause thereof and the custody of their child being committed to her, she becomes head of the family, and the homestead right passes to her. *Bonnell* v. *Smith*, 53 Ill. 375.

McCULLOCH & McCULLOCH, for appellees:

A party cannot avail himself of any fact established by the proof which has not been alleged in the bill. *Adams* v. *Gill*, 158 Ill. 190; *McKay* v. *Bissett*, 5 Gilm. 499; *Kellogg* v. *Moore*, 97 Ill. 283; *Marvin* v. *Collins*, 98 id. 510; *Helm* v. *Cantrell*, 59 id. 524; *Burlock* v. *Cook*, 20 Ill. App. 154.

The charge made by the bill in this case, if proved, would be a fraud *per se*, and would be sustained by a simple showing of no consideration for the deed. That now insisted upon rests upon proof of other facts, showing, first, a fraudulent intent on the part of the grantor; secondly, a participation in such fraudulent intent on the part of the grantee. These are widely different propositions. *Ewing* v. *Runkle*, 20 Ill. 448; *Hessing* v. *McCloskey*, 37 id. 352; *Herkelrath* v. *Stookey*, 63 id. 486; *Aultman & Taylor Co.* v. *Weir*, 34 Ill. App. 615; *Holbrook* v. *Bank*, 10 id. 140.

A deed without consideration is void as to creditors. One made with intent to hinder and delay creditors is voidable only upon proof of a participation of both vendor and vendee. *Rappleye* v. *Bank*, 93 Ill. 396; *Lyons* v. *Robbins*, 46 id. 279.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed her bill in the circuit court of Peoria county against George W. Kneer, Abram Miller and her former husband, John Smith, appellees, asking the court to set aside a conveyance by said John Smith to George W. Kneer of one hundred and sixty acres of land in the said county as having been made without consideration, against her rights and interests; to find and declare that she had a homestead estate in said land, and to assign and set off the same to her. The defendant John Smith was defaulted, and the other defendants answered denying the material allegations of the bill. The cause was referred to a master in chancery, who took the evidence and reported that the allegations of the bill were not

supported by the evidence. The court sustained the con-
clusions of the master and entered a decree dismissing
the bill, from which decree this appeal was taken.

The bill charged that while complainant's suit against
her husband for divorce was pending in the circuit court
of Peoria county, and after the verdict of a jury in her
favor, he, in collusion with the defendant George W.
Kneer, and for no consideration whatever, pretended to
convey the property in question to the said George W.
Kneer; that said deed was void in law and of no effect
whatever as against complainant, and that she had a
homestead estate in the property of the value of $1000,
which she asked to have set off to her.

The facts proved are, in substance, as follows:  On
August 14, 1901, complainant filed her bill for divorce
against her husband, John Smith, charging him with
adultery.  An order was made for the payment by him
of $50 as temporary alimony, which was made a lien up-
on his lands.  There was a trial in the suit for divorce,
which ended on October 2, 1901, with a verdict finding
the defendant guilty.  A motion for a new trial was
made, and was pending when, on October 7, 1901, the de-
fendant John Smith offered to sell the farm in question
to the defendant Kneer, who was willing to buy it but
was in doubt whether the title would be good without
the signature of complainant.  Kneer knew of the suit
and the verdict, and there is evidence tending to prove
that he knew the purpose of the sale was to defeat any
claim of complainant for alimony.  He employed a con-
veyancer, who examined the title and advised him that
the deed would be subject to dower of the complainant,
but that any future decree for alimony would not be a
lien upon the premises, and that he had nothing to fear
except the dower.  Kneer bought the property for $12,000,
taking a deed from John Smith, assuming a mortgage
of $1500, paying $3800 cash and giving notes secured by
mortgage for the balance.  One of the notes was for $3000

to protect him against the dower interest of complainant, and was not to be paid until the dower interest should be released or removed in some way. The deed was executed October 9, 1901, and the next day the temporary judgment for alimony was satisfied by payment. On October 28, 1901, a decree of divorce was entered and the cause was referred to the master in chancery to take proofs with reference to the alimony to be allowed. The master made his report at the February term, 1902, and on the 24th of that month a decree was entered requiring the defendant John Smith to pay solicitor's fees and regular installments of alimony in the future. With reference to the homestead question the evidence was that complainant lived with her husband on the farm from October, 1875, to September, 1894, when she left the farm and removed with her children to Oberlin, Ohio, to send the children to school. The following year she bought a house in Oberlin with money obtained from her father's estate and lived in it about three years, during a part of which time her husband was with her. She afterwards removed to other premises in Oberlin which she rented and occupied for two years longer. In 1897 John Smith rented the farm to Abram Miller, who was his tenant up to the sale to Kneer and continued as tenant of Kneer. Smith boarded elsewhere, and never lived on the farm after it was rented. So far as appears the farm was abandoned as a home, without any intention to return to it. Complainant, before filing the bill for divorce, was willing to return to her husband on condition that he would reform, but there is no evidence that either party ever contemplated returning to the farm.

The appeal was taken directly to this court on the ground that a freehold estate of homestead is involved in the litigation. The evidence showed that there was no homestead in the premises, but that they had been abandoned as a residence with no intention of returning to them. Aside from any question of the right of com-

plainant to have a homestead, not awarded to her in the divorce proceedings, set off to her after the divorce, in the lifetime of her husband, the question of the existence of a homestead must be decided against her.

The only fact alleged in the bill as ground for impeaching the conveyance was that it was made without any consideration whatever, and the evidence that a valuable consideration was paid was uncontradicted. The deed was not a merely pretended conveyance in which the grantee would hold title in trust for the grantor, but it was made in pursuance of an actual sale. It is argued, however, that the complainant had good cause for divorce and her right had been established by the verdict of the jury; that the right to alimony was incident to the divorce and followed as a necessary consequence; that the conveyance was made to delay, hinder and defraud complainant in the assertion of her right to such alimony, and that the defendant Kneer knew of the existing conditions and participated in the fraud. That is an entirely different case from the one alleged in the bill. It was incumbent on the complainant to set out the facts constituting her cause of action, and her charge that the deed was without consideration or a voluntary conveyance, and that homestead was not released because she did not join, would not be supported by proof of a sale with fraudulent intent to hinder or delay her in the collection of alimony. If the deed were fraudulent for that reason it would still be binding between the parties, and would only be set aside so far as to subject the land to the lien for alimony. (*Draper* v. *Draper*, 68 Ill. 17.) An appeal from a decree of that character would not come to this court. If the complainant sought to subject the land to her claim for alimony, the necessary facts should have been set up in the bill. A party cannot have relief upon grounds not alleged or upon proof of facts different from those alleged. (*Angelo* v. *Angelo*, 146 Ill. 629; *Adams* v. *Gill*, 158 id. 190.) The dower right of complainant is

not involved. The divorce having been granted for the fault of her husband, her dower was not affected and there is no controversy on that question.

The decree of the circuit court is affirmed.

*Decree affirmed.*