LOUIS M. HEINTZ

*v.*

PAULINE GEIB DENNIS.

*Opinion filed June 23, 1905—Rehearing denied October 11, 1905.*

1. WITNESSES—*when parties to a suit are incompetent witnesses.* In a suit wherein the complainant, a half-brother of the defendant, sues as heir of the mother and the defendant defends as legatee of the father, neither is competent to testify in his own behalf as against the other, nor is the husband of the defendant competent.

2. APPEALS AND ERRORS—*the chancellor is presumed to have not considered incompetent evidence.* It is presumed, on appeal in a chancery case, that the chancellor did not consider the incompetent evidence, and the decree will be sustained if there is sufficient competent evidence to support it.

3. TRUSTS—*cestui que trust may pursue proceeds of trust property.* As against the trustee and her heirs the *cestui que trust* may pursue the proceeds of trust property and charge with the original trust any property in which such proceeds may be invested.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

F. L. SALISBURY, and M. MARSO, for plaintiff in error.

W. P. BLACK, and A. HALE VOLLINTINE, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Cook county against the plaintiff in error, in which the defendant in error alleged that she was the equitable owner of lots Nos. 11, 12, 13 and 14 in Maywood, in said county; that the plaintiff in error claimed to be the owner of a portion of said lots as an heir of Magdalena Geib, and that said claim constituted a cloud upon the title of the defendant in error. The prayer of the bill was for a decree finding the defendant in error to be the owner in fee of all of the said lots, and that the plaintiff in error be required to convey to the defendant in error, with a prayer for general relief. The plaintiff in error answered the bill, denying specifically all of the allegations thereof, and also filed a cross-bill praying for a partition of the premises and for an accounting of the rents since the death of the said Magdalena Geib. Issues were joined and the cause was referred to the master to take and report the proof. The master found the issues for the plaintiff in error and recommended that the bill of complaint of the defendant in error be dismissed for want of equity. Objections to the master's report were overruled and were allowed to stand as exceptions upon the hearing before the chancellor. The chancellor sustained the exceptions to the findings and report of the master which were urged by the defendant in error, and entered a decree granting the relief prayed in the original and amended bills of the defendant in error and dismissed the cross-bill for want of equity. This is a writ of error sued out of this court to bring the record into review.

The plaintiff in error and the defendant in error are the children of one Magdalena Geib, the plaintiff in error being her son by a former marriage with one Louis Heintz, de-

ceased, and the defendant in error her daughter by her second marriage with Henry Geib, also deceased. Henry Geib left a will, wherein he devised and bequeathed to said Magdalena all of his property, real, personal and mixed, for her "to use and enjoy the same for and during her natural life," with remainder in fee over to the defendant in error. Magdalena died April 26, 1899, seized of the title to the four lots in question.

The contention of the defendant in error, complainant in the original bill, was, that lots 11 and 12 were purchased by Magdalena with a portion of the funds which she held under the will of Henry Geib for her use during her life and in trust for the defendant in error after her death, and that lots 13 and 14, originally the property of the defendant in error, were conveyed by her to her mother without consideration, and for the reason that the defendant in error and her husband were about to remove to a western State, and that all of the four lots were encumbered together in one mortgage for about $2200 to a building and loan association, and it was thought it was best to put the title in the mother in order that she might more conveniently collect the rents, manage and control the property and pay the monthly dues to the building association. The defendant in error further contended that the indebtedness to the building association was discharged out of moneys received from the sale of some property on Orchard street, in the city of Chicago, of which Henry Geib died seized, and which belonged to the defendant in error subject to the life estate of said Magdalena. Whether these contentions were proven seems to be the only issue that is presented by this record.

The defendant in error and her husband, W. H. Dennis, were, over the objection of plaintiff in error, heard to testify before the master. They were not competent witnesses. The defendant in error claimed title to the property as the legatee and devisee of Henry Geib, her father. The plaintiff in error was defending against the original bill and prosecuting his

cross-bill as the heir of his mother, Magdalena Geib, (formerly Magdalena Heintz,) and section 2 of our statute on evidence, etc., provides, that no party to any action shall be allowed to testify on his own motion or in his own behalf where the adverse party sues or defends as the heir of a deceased person. In *Pigg* v. *Carroll,* 89 Ill. 205, *Mueller* v. *Rebhan,* 94 id. 142, and in other cases resting on these cases as authority, we held that said section 2 was intended to protect the estates of deceased persons from the assaults of strangers, and related to "proceedings wherein the decision sought by the party so testifying would tend to reduce or impair the estate, and does not relate to the relative rights of heirs or devisees as to the distribution of an estate, in proceedings by which the estate itself is in no event to be reduced or impaired." In the case at bar the effort of the defendant in error was to "impair and reduce" the estate of Magdalena Geib, mother of the defendant in error, and the effort of the plaintiff in error was to reduce the estate of said Henry Geib, father of defendant in error. Neither of them was therefore competent to testify against the other. The defendant in error being incompetent her husband was likewise incompetent to testify in her behalf. *Treleaven* v. *Dixon,* 119 Ill. 548; *Way* v. *Harriman,* 126 id. 132; *Shaw* v. *Schoonover,* 130 id. 448.

We think, however, the evidence (that of the defendant in error and her husband being excluded) sustained the findings and decree of the court. It is to be presumed, as we have repeatedly held, that the chancellor excludes all incompetent testimony and acts only on that which is competent, and decrees in equity are, under that rule, to be upheld if sustained by adequate competent proof.

Mrs. Shippy testified that Magdalena Geib told her that lots Nos. 11 and 12 were paid for by her with money which she had received from the sale of the property on Orchard street, which belonged to her husband, Henry Geib, during his lifetime and which passed under his will. Albert Hale

Vollintine, who was engaged and acted as attorney and counselor for Magdalena Geib in the matter of the sale of the Orchard street property and in other of her affairs, testified that said Magdalena received from the sale of the Orchard street property, of which Henry Geib died seized, the sum of $5000, which was paid to said Magdalena in two installments, and that a part of the first installment so received was applied and used in the purchase of said lots 11 and 12 in Maywood. A number of witnesses testified that Magdalena Geib told them that all of the property she had was such as came to her under the will of Henry Geib; that "she didn't own anything except what she had received from Mr. Geib," and that she held it for her use during her lifetime and that after her death it was to go to the defendant in error. To all of these witnesses she expressed the strong desire that all the property which she had should pass to the defendant in error at her death, stating as the reason for such desire that it all belonged to defendant in error under the will of Henry Geib. Frank P. Pratt, an attorney at law, testified that Magdalena called on him for legal advice; that she stated to him that all the property which she had was such as came to her possession under the will of Henry Geib, and asked him if it was necessary she should make a will devising and bequeathing such property to defendant in error, and that he advised her that as she held the property as trustee for the defendant in error it would become the property of the *cestui que trust* at her death, and that a will was unnecessary to accomplish that purpose. Lots 11 and 12 were properly decreed to be the property of the defendant in error.

Lots 13 and 14 in Maywood were purchased from the proprietors of the subdivision by the defendant in error, and with lots 11 and 12 were encumbered to secure the indebtedness to the building and loan association in the sum of $2200, as before stated. The deed executed by the defendant in error to her mother, Magdalena Geib, conveying lots 13 and 14, recited a consideration of $2400, of which, as ap-

peared in the deed, $2200, the amount of the principal of the building and loan association mortgage, was assumed to be paid by said Magdalena as a part of the consideration. On April 22, 1896, Magdalena received the second payment of the purchase price of the Orchard street property, being $2500 and the accumulated interest, and on the next day she paid the mortgage indebtedness mentioned in the deed from the defendant in error conveying said lots 13 and 14 to said Magdalena. All of the testimony being considered, the chancellor was fully justified in the finding that all of the money paid by Magdalena Geib to the building and loan association was such as she held under the will of Henry Geib, deceased, and that therefore the only consideration paid by Magdalena Geib for lots 13 and 14, conveyed to her by the defendant in error, was trust funds, of which the defendant in error was the *cestui que trust.* The conveyance was therefore properly regarded as having been made without any legal consideration as between defendant in error, the *cestui que trust,* and her mother, the trustee. As against the trustee the *cestui que trust* may pursue the proceeds of trust property, and charge with the original trust any property in which the trust fund or property may be invested. (*Breit* v. *Yeaton,* 101 Ill. 242; *Sholty* v. *Sholty,* 140 id. 81; *White* v. *Sherman,* 168 id. 589.) The plaintiff in error claims as an heir of the trustee, and he can have no higher or better claim to the property here involved than had his mother, the trustee, and the *cestui que trust* is entitled to the same relief as against him which a court of equity would have granted against his mother, the trustee.

The decree must be and is affirmed.

*Decree affirmed.*