### Agnes J. McGooden et al. v. Clarissa J. Bartholic et al.

#### Gen. No. 4,622.

1. WITNESS—*when incompetent by virtue of interest.* A witness is incompetent by virtue of his interest in the result of the controversy where the adverse parties sue or defend in a representative capacity.

2. WITNESS—*when wife incompetent as.* Where the husband and wife are both interested in the result of a controversy and the adverse party sues or defends in a representative capacity, the wife is incompetent as a witness for her husband if she would be incompetent in her own behalf.

3. RELIEF—*what pleading essential to obtain.* A party cannot obtain relief upon grounds not alleged in his bill.

4. WILL—*how to be construed.* A will ambiguous in its terms is to be construed in the light not only of its language but of the circumstances surrounding its making.

5. FORECLOSURE—*by whom proceeding for, should be maintained.* A foreclosure proceeding should be instituted and maintained by the personal representative of the deceased owner of the notes secured by the mortgage sought to be foreclosed.

6. ADMINISTRATION ACT—*section 18 construed.* The proviso of this section is not effectual to enable the heirs of the deceased owner of a note and mortgage sought to be foreclosed to maintain a bill for that purpose where it does not appear that the parties in interest desired to settle the estate of such owner without administration.

Bill in equity. Error to the Circuit Court of Grundy county; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the April term, 1906. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 16, 1906. Rehearing denied and additional opinion filed April 4, 1907.

J. W. Rausch, for plaintiffs in error.

Cornelius Reardon and Fred G. White, for defendants in error.

Mr. Justice Thompson delivered the opinion of the court.

Clarissa J. Bartholic and William P. Bartholic, her husband, defendants in error, filed a bill in equity against Agnes J. McGooden, Alfred, David, Charlie, Thomas and Clara Chandler, and Charlie, Oliver, Henry, Lucy and Carrie Crandall, praying that a mortgage dated June 16, 1886, recorded July 1, 1886, executed by defendants in error, upon certain real estate owned by them, to Maria P. Bartholic, be released. The plaintiffs in error answered the bill, denying the right of defendants in error to the relief asked, and Josie McGooden and Samuel McGooden, her husband, filed a cross-bill against Clarissa J. Bartholic and William P. Bartholic, praying that the defendants to cross-bill be decreed to pay complainants in cross-bill one-fourth of whatever sum shall appear to be due upon the note and mortgage, and that in default of payment the mortgaged premises be sold to satisfy said debt. Defendants to cross-bill filed an answer denying the material allegations of the cross-bill; replication was filed to the answer to the cross-bill and the cause referred to the master; subsequently an order was made that the answer and cross-bill of Josie McGooden and Samuel McGooden also stand as the answer and cross-bill of defendants Clara Frederick (Chandler), Albert Frederick, Alfred Chandler, Thomas Chandler, David Chandler and Charles Chandler. The conclusions of the master were waived.

and the cause was submitted to the court upon depositions and written testimony with the evidence of one witness heard in open court. The court decreed that the complainants in the original bill were entitled to have the debt cancelled and the mortgage released, and dismissed the cross-bill. The defendants to the original bill sued out a writ of error and insist that the Circuit Court erred in hearing the testimony of defendants in error, who were sworn and testified in their own behalf, and in decreeing the relief prayed in the original bill, and in dismissing the cross-bill.

The facts in the case as disclosed by the evidence show that Daniel B. Bartholic and his wife, Maria P., settled in Grundy county in 1852; their family consisted of three daughters, Annie, who married one Chandler and died before her parents, leaving Alfred, David, Charlie, Thomas and Clara Chandler, her only children surviving her; Amanda, who married one Crandall and died before her parents, leaving Charlie, Oliver, Henry, Lucy and Carrie Crandall, her only children surviving her; Agnes, or Josie, who married Samuel McGooden; and of two sons, William P. Bartholic, who married Clarissa J. Bartholic, and are defendants in error, and Edward P. Bartholic, who was killed at Ft. Donaldson, 1862, leaving no children. In 1880 Maria P. Bartholic, the mother, was stricken with paralysis, and on March 27, 1886, on account of the death of her son, Edward, she received a pension, the first payment being $2,292.80. On June 16, 1886, a loan of $1,200 was made to Clarissa J. and William P. Bartholic, secured by real estate mortgage, which is the debt and mortgage sought to be cancelled and released.

Maria P. Bartholic and her husband kept their valuable papers in a small tin box in the bank of Dwight until the winter of 1896 and 7, when it was taken to their room. Daniel B. Bartholic died April 15, 1897, leaving a will, giving his property to his wife for life, after her death then the remainder to be divided as

follows, "to my son, William P. Bartholic, what he owes me and mortgage and note to be cancelled immediately after my death," and then follow various other devises and bequests, and a clause appointing his son, William P. Bartholic, his executor. The original mortgage sought to be released was not produced in evidence, but the record of it was offered. It reads "the mortgagors, Clarissa J. Bartholic and William P. Bartholic, her husband, Mortgage * * * to Maria P. Bartholic * * * to secure the payment of one certain promissory note executed by Clarissa J. Bartholic and husband, bearing even date herewith, payable to the order of Maria P. Bartholic, for $1,200.00 due five years," etc. The bill filed alleges that complainants were indebted to Maria P. Bartholic, and that payments of interest had been made to her. While the tin box was in the room of the aged people their daughter, Agnes J. McGooden, was sent to get different papers out of it, and testifies to having several times seen the note and mortgage executed by Clarissa J. and husband, and that they were to Maria P. Bartholic. After the death of the father, William J. Bartholic and Agnes J. McGooden examined the contents of the tin box. Mrs. McGooden testified she saw and handled the note and mortgage, and Bartholic testified he found a note which was offered in evidence. He testifies it was signed by him alone and that he had torn off and burned the signature. The note offered in evidence is in the writing of William P. Bartholic for $1,200 and is payable to D. B. Bartholic. Agnes McGooden testified she saw the note and mortgage in the tin box when they opened it, but she was called out of the room while they were examining the papers, and on her return, finding the note and mortgage were missing, asked her brother what had become of them and he replied that "he was the executor and had the right to them; I will see that this is paid to the heirs." Maria P. Bartholic died October 26, 1897. William P. Bartholic testified over

the objection of plaintiffs in error, "that he never gave his father a mortgage or any other note than the note offered in evidence," and that after his father's death he handed that note to his mother and she gave it back to him, saying, "the note is yours." He also testified he never signed any note to his mother, Maria P. Bartholic. He was also asked to look at the will, especially at the words in the bequest "what he owes me and mortgage and note" and to tell what these words referred to, and he answered over objection, "That refers to my note and mortgage that was missing, of which you have a copy." The evidence very strongly showed that the aged mother several years prior to her death was so paralyzed that she could not talk further than to say "yes" or "no" or "you." Defendants in error testified the mother had no separate property, and Clarissa Bartholic testified over objection that she never signed a note to either Maria P. or Daniel B. Bartholic. All the testimony given by defendants in error was objected to, the objection overruled and exception taken.

The original bill was filed against the defendants, as heirs of Maria P. Bartholic, asking to have a note and mortgage to Maria P. Bartholic cancelled. Complainants were not competent witnesses in their own behalf to testify as to any matters that occurred between them and Maria P. prior to her death, and Clarissa Bartholic was not a competent witness to testify to anything in behalf of her husband, unless she was competent to testify in her own behalf. Heintz v. Dennis, 216 Ill. 487; Treleaven v. Dixon, 119 Ill. 548; Shaw v. Schoonover, 130 Ill. 448. It was error to admit the evidence of Clarissa J. and William P. Bartholic as to the transactions prior to the death of Maria P. Bartholic, and if the note belonged to his mother, then she being dead, he was incompetent to testify to the gift of it to him.

The facts proved, even by the evidence admitted, did not support the allegations of the bill, and a party can-

not have relief upon grounds not alleged.  Angelo v. Angelo, 146 Ill. 629; Adams v. Gill, 158 Ill. 190; Smith v. Kneer, 203 Ill. 264; Calkins v. Calkins, 220 Ill. 120.

It was also erroneous to permit William P. Bartholic to testify as to the construction of the will.  It was the duty of the court to construe the will in the light of the language of the will and the circumstances surrounding its making.  Egelthaler v. Egelthaler, 196 Ill. 230.

In a letter written by William P. Bartholic to his sister, Agnes McGooden, May 21, 1899, he denies all knowledge of a $1,200 mortgage due his mother, but says "about thirty years ago or more I gave father a mortgage for $1,000, but in 1876 I hired $1,000 from Pearson & Co. and cancelled father's mortgage."

That the mother in 1886 received $2,292.80 on a pension, and the loan was made by her to defendants in error, seems clear from the wording of the mortgage and the other evidence in the record.  The very great preponderance of the evidence is that the note and mortgage were made to Maria P. Bartholic and belonged to her estate, and when the incompetent evidence is out of the record the decree granting the relief prayed for in the original bill cannot be sustained.

The plaintiffs in error have also assigned for error the dismissal of the cross-bill.

Daniel B. Bartholic and Maria P. Bartholic left surviving them two children and the descendants of two deceased children.  One of the children, Agnes McGooden, filed a cross-bill against defendants in error, asking to have one-fourth of the mortgage foreclosed.  By an order of court the answer and cross-bill of Mrs. McGooden was permitted to stand as the answer and cross-bill of the Chandlers, children of the deceased daughter, Annie.  The Crandalls, children of the deceased daughter, Amanda, neither joined in the cross-bill nor were made parties to it.  Application was made to the Probate Court of Grundy county for the appointment of an administrator of the estate of Maria

·P. Bartholic, of which estate the note and mortgage were a part. The court made an order appointing an administrator, but he never qualified. We think the court rightly dismissed the cross-bill. The note is personal estate and the mortgage securing it is but an incident to it.

"Where a mortgagee is dead, his personal representative is the proper party to foreclose the mortgage, for the reason the money secured belongs to the personal assets and draws after it the mortgaged estate as an incident." "The heirs of a deceased mortgagee before a foreclosure or entry for condition broken, have no interest in the premises and are not necessary, or even proper parties to a bill by the administrator to foreclose the mortgage." Citizens' National Bank v. Dayton, Admr., 116 Ill. 257; Marsh v. Wells, 89 Ill. App. 488; Buck v. Fischer, 2 Colo. 182; Roath v. Smith, 5 Conn. 133; 9 Ency. Pl. & Pr. 297; Clarkson v. Bowyer, 2 Vern. 67. The reason for the rule is well illustrated in this case in the attempt to foreclose proportionate parts of the mortgage by different heirs. If the court had allowed the prayer of the cross-bill, the other heirs would file another bill to foreclose their portion, and each Crandall might ask to have a one-twentieth foreclosed. We think the court properly denied the relief asked by the cross-bill, as only an administrator was entitled to foreclose the mortgage belonging to the estate of the deceased.

That part of the decree is affirmed. So much of the decree as granted the prayer of the original bill is reversed and the cause is remanded, with instructions to the Circuit Court to dismiss the original bill.

*Affirmed in part, reversed in part, and remanded with directions.*

PER CURIAM. On petition for a rehearing plaintiffs in error contend that the inability of cross-complainants to maintain a cross-bill to foreclose was not raised below. The cross-bill charged that cross-complainants

owned an undivided one-fourth of the debt secured by the mortgage. The answer thereto denied that cross-complainants owned one-fourth or any other part of said debt. This sufficiently raised the point that under the proof the title to the note owned by Maria P. Bartholic at her death did not pass to her heirs. That the heirs at law did not take title to the personal estate and could not maintain an action thereon, is further shown by Hickox v. Frank, 102 Ill. 660. It is argued that administration was unnecessary under a proviso in section 18 of the Administration Act. That proviso does not apply here, for some of these heirs are not residents of this state, and it does not appear that the parties in interest desired to settle the estate without administration, but, on the contrary, the proofs show that the County Court of Livingston county took jurisdiction of the estate of Maria P. Bartholic, deceased, and made an order granting administration, but the appointee had not yet qualified when the proofs in this case were heard. It is not shown that said County Court dismissed the petition for administration. So far as appears it retained jurisdiction to make an appointment. That petition was by one of the heirs at law, so that it cannot be said that all the heirs desired to settle the estate without administration. It is also argued that no administration was necessary because Maria P. Bartholic left no debts, and if she did they are barred. There is no proof that she left no debts. She died October 26, 1897, and she may have left outstanding notes which would not yet be barred even if she were still living. Section 19 of the Limitation Act arrests the running of the statute during the period between the death of the debtor and one year after the issue of letters of administration, if the debt would otherwise be barred. We adhere to our conclusion that cross-complainants own no part of the debt and cannot foreclose the mortgage. The petition for a rehearing is denied.