## John Hamilton et al., Appellants, v. John W. Chaffee et al., Appellees.

### Gen. No. 5351.

1. WITNESSES—*when husband incompetent.* If a wife is incompetent by virtue of interest, the adverse party suing or defending in a representative capacity, her husband is likewise incompetent.

2. APPEALS AND ERRORS—*when improper argument of counsel not saved for review.* In the absence of objection made thereto in the trial court and a ruling had upon such objection, the propriety of arguments of counsel is not saved for review.

Contested claim in court of probate. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

W. R. S. HUNTER, for appellants; C. E. BOTSFORD, of counsel.

HARRY G. HEMPSTEAD, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

David B. Hamilton died in Kane county, December 17, 1896, leaving a last will and codicil which were admitted to probate. The will gave to Margaret Hamilton, the widow of the testator, the use of a farm of one hundred and sixty acres during her life, and the remainder after her death to John Hamilton, Mary Marshall, Jessie Hamilton and Mary Clark, share and share alike. The evidence shows he had no daughter Mary Clark, but had a daughter Marguerite Clark. The remainder men were children of the deceased by a former wife. Jessie Hamilton died during the life of the testator and he thereupon executed the codicil, which devised her share to be equally divided between his wife Margaret and a niece, Annie Hamilton. Margaret Hamilton died testate, in March, 1907, and John W. Chaffee and Addie Outhouse were

appointed executors of her estate. John Hamilton, Mary Marshall, Marguerite Clark and Annie Hamilton, the heirs of David Hamilton, filed in the Probate Court a claim against the estate of Margaret Hamilton for $1,400 for waste "caused and suffered to be done by Margaret Hamilton while she occupied and had the life use of the premises and buildings owned by David Hamilton at the time of his decease." An appeal was taken from the judgment of the Probate Court to the Circuit Court, where on a hearing before a jury, a verdict was returned in favor of the defendants on which judgment was rendered; from that judgment this appeal is prosecuted.

Among the errors assigned and insisted upon, it is urged that the court erred in sustaining objections to questions asked George Marshall, on behalf of appellees. George Marshall is the husband of Mary Marshall, one of the claimants. The witness was clearly incompetent since the adverse parties were defending as executors of a deceased person, and the claimant being incompetent under the statute, the husband was also incompetent under sections 2 and 5 of the Evidence Act. Treleaven v. Dixon, 119 Ill. 548; Heintz v. Dennis, 216 Ill. 487; Shaw v. Schoonover, 130 Ill. 448; McGooden v. Bartholic, 132 Ill. App. 392.

It is contended that the case should be reversed because of improper argument of counsel before the jury. The record contains no objection to such argument, ruling on objection or exception thereto, so that the question is not saved for review. Peterson v. Pusey, 237 Ill. 204; City of Salem v. Webster, 192 Ill. 369.

Appellants contend that the judgment in favor of the appellees cannot be sustained on the evidence. Appellees contend that under the statute (sec. 79, chapter 3) a widow is not liable for permissive waste, but only for voluntary waste, and that it has been held in Smith v. Mattingly, 96 Ky. 228, under a similar statute that a life tenant is not liable for permissible

waste, and that at common law an action of waste did not survive the death of the life tenant, and that there is no statute in this state that revives the cause of action. We do not deem it necessary to pass on these questions as there is a more serious obstacle to the claimants' right of recovery. Claimants must prove their right of recovery by a preponderance of the evidence. Claimants proved that shortly after the death of David Hamilton and many years before the death of Margaret Hamilton there was a proceeding to partition the land devised by the will of David Hamilton, and that twenty-four and one-half acres of the land was set-off and allotted to Margaret Hamilton. Claimants offered in evidence the records in the partition suit and they were admitted, but they have not been copied into the record. Notwithstanding anything contained in the record, the buildings on which it is claimed waste was suffered may have been on the lands allotted to Margaret Hamilton, the widow. No. other judgment could be sustained on the evidence before us in this record.

We find no reversible error in the record; the judgment is affirmed.

*Affirmed.*