## Roy Cady et al., Appellants, v. Mary S. Ridenour, Appellee.

### Gen. No. 5384.

ACCOUNTING—*between tenants in common.* A bill in chancery
may be maintained for an accounting for rents and profits by one
tenant in common against his co-tenant who has taken and used
more than his interest or proportion of the common property.

Bill in chancery. Appeal from the Circuit Court of Henry
county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in
this court at the April term, 1910. Reversed and remanded. Opin-
ion filed October 18, 1910.

**Statement by the Court.** Henrietta Sherrill died
May 3, 1904, intestate, seized of eighty acres of land
in Henry county, leaving surviving her husband, William Sherrill, and Frances M. Romes, Hester Frazier,
Joseph McNay, Samuel McNay, McArthur McNay,
Kearney McNay, her brothers and sisters, Roy Cady
and Nellie Reimer, her nephew and niece, children of
a deceased sister, and Mary S. Ridenour, her mother,
but no children or descendants of any child surviving
her. McArthur McNay died intestate seized of an adjoining eighty acres of land in February, 1907, unmarried, leaving no children or descendants of children, and the same heirs, his brothers, nephew, niece
and mother, surviving him. Joseph McNay died in
April, 1908, intestate and Annie McNay was appointed
his executrix.

On May 11, 1909, Roy Cady, Frances M. Romes,
Hester Frazier, Annie McNay, executrix, and Nellie
Reimer filed a bill in chancery against Mary S. Ridenour setting up the foregoing facts and alleging that
the widower of Henrietta Sherrill, with the brothers
and sisters of Henrietta Sherrill, became seized as
tenants in common of the east half of the northwest
quarter of section twenty in township fifteen north,
range three east, Henry county, Illinois, and alleging
the proportions they were respectively seized of, and
that from February, 1907, until August 5, 1907, Mary
S. Ridenour exercised control over said premises, a
part or all of the time farming the same herself, and
during all of said time she received all the rents, issues
and profits from all said premises, and though often
requested to account with the complainants, she refused and refuses to do so, and withholds from complainants their just proportion of the rents, issues and
profits. The bill also makes similar allegations concerning the eighty acres of land of which McArthur
McNay died seized and that Mary S. Ridenour took
and had the exclusive management of such land from
his death to May, 1908, and received all the rents, is-

sues and profits, etc. The bill waives the oath to the answer and prays for an accounting concerning said rents and profits, etc.

The defendant filed a general demurrer which was sustained, and complainants abiding by their bill, a decree was entered dismissing it at the costs of complainants. From that decree this appeal is prosecuted.

HARRY E. BROWN, for appellants.

CHESTER M. TURNER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The only question presented by this appeal is whether a bill in chancery can be maintained for an accounting for rents and profits by one tenant in common against a tenant in common who has taken and used more than his interest or proportion of the common property.

Section 1 of chapter 2 of the Statute provides "That where one or more joint tenants, tenants in common or co-parcener in real estate, or any interest therein, shall take and use the profits or benefits thereof, in greater proportion than his, her or their interest, such person or persons   *   *   *   shall acount therefor to his or their co-tenant, jointly or severally." Section 18 of the same chapter provides: "In all cases commenced under the first, fourth and fifth enumerations of section 2 of this Act, the several courts of record in this state having chancery jurisdiction are empowered to hear, try and determine the same   *   *   * and such as such courts sitting in chancery could lawfully make   *   *   * and such courts shall render final judgment   *   *   * and enforce such judgment or judgments by execution or in any other way in which courts sitting in chancery could enforce the same."

Section 2 of the same chapter provides: "The action of account may be sustained: First by one joint tenant, tenant in common or co-parcener   *   *   * against

the other or others who receive as bailiffs more than his or their due proportion of the profits or benefits of such estate.''

The bill alleges that the defendant took control over all said premises, and received all the rents from said premises and a part or all the time farmed the premises herself. No question as to parties to this bill is presented by counsel for either party. The only points raised by appellees are that the bill does not allege either what the rental value of the land was, or that defendant refused to allow complainants to occupy the premises. The bill is very inartistically drawn and had the question now presented been raised by a special demurrer the defects would probably have been cured by amendment, but technical objections of that character cannot be raised by a general demurrer.

One tenant in common can maintain a bill in chancery against another for his proportion of the rents, when one tenant in common has either occupied or rented the entire premises. Statutes of Illinois, chapter, 2 secs. 1, 2 and 18; Crow v. Mark, 52 Ill. 332; Angelo v. Angelo, 146 Ill. 629; Wooley v. Schrader, 116 Ill. 29; McPharland v. Larkin, 155 Ill. 84; Dinsmoor v. Rowse, 211 Ill. 317.

The court erred in sustaining a general demurrer. The decree is reversed and the cause remanded with instructions to overrule the demurrer.

*Reversed and remanded with directions.*