JANE TRELEAVEN

*v.*

ALEXANDER J. D. DIXON.

*Filed at Ottawa November 13, 1886.*

1. PRACTICE—*objecting as to competency of evidence.* Where evidence is clearly incompetent, so that nothing can render it admissible, a failure in the record to show a formal objection will not preclude this court from considering whether it is competent, where it is necessary to the relief claimed.

2. CHANCERY—*consideration of the evidence—that which is incompetent, rejected.* In chancery cases, the whole record, including all the evidence offered, is before this court, on appeal or writ of error; and it will be presumed that all the incompetent evidence was rejected, and all the competent evidence was admitted and considered, on the final hearing. If there is competent evidence in the record sufficient to sustain the decree, it will be affirmed, and if not, it will be reversed.

3. WITNESS—*competency—husband and wife.* A husband or wife can not testify for or against each other, where the adverse party sues or defends as the executor, etc., of any deceased person. So on a bill by a wife to set aside a sale of her land under a deed of trust, where the executor of the deceased creditor is defending, the husband is not a competent witness for the wife.

4. SAME—*former decision.* The case of *Marshall* v. *Peck et al.* 91 Ill. 187, in so far as it differs from the ruling in *Crane* v. *Crane,* 81 Ill. 165, as to the competency of husband or wife to testify for each other, is overruled. The remark of the court in *Powell* v. *Powell,* 114 Ill. 329, upon the question of fact whether the wife was the agent of her husband, was unnecessary, and is not to be regarded as indicating any rule of law on the question of her competency as a witness.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. MILLER, LEWIS & JUDSON, for the appellant:

The fact that a witness is interested, will not justify rejecting his testimony entirely. *Murray* v. *McLean,* 57 Ill. 385; *Railroad Co.* v. *Gretzner,* 46 id. 80; *Robertson* v. *Dodge,* 28 id. 161; *Primmer* v. *Clabaugh,* 78 id. 95; *Roberts* v. *Pierce,* 79 id. 378; *Marshall* v. *Peck,* 91 id. 187; *Otis* v. *Spencer,* 102 id. 628.

The fact that the husband was a party, does not disqualify him, in equity, provided he has no disqualifying interest in the suit. *Dodgson* v. *Henderson,* 113 Ill. 360; *Bradshaw* v. *Coombs,* 102 id. 429.

The real estate in question is the separate property of the complainant. *Emmert* v. *Hays,* 89 Ill. 11.

In the case of *Crane* v. *Crane,* 81 Ill. 165, the court seems to have announced a different rule; but the point seems not to have been very fully considered, and all the later cases fully sustain the position that the husband is a competent witness. *Marshall* v. *Peck,* 91 Ill. 187; *Cordery* v. *Hughes,* 6 Bradw. 401; *Funk* v. *Eggleston,* 92 Ill. 515; *Pyle* v. *Oustatt,* 92 id. 209; *Raum* v. *Raum,* 95 id. 433; *Gravel Road Co.* v. *Madaus,* 102 id. 419; *Powell* v. *Powell,* 114 id. 329; *Primmer*

v. *Clabaugh,* 78 id. 94; *Mueller* v. *Rebhan,* 94 id. 412; *Eads* v. *Thompson,* 109 id. 87.

Mr. JAMES S. NORTON, for the appellee:

The complainant and her husband were incompetent as witnesses. Rev. Stat. chap. 51, sec. 2; *Crane* v. *Crane,* 81 Ill. 165; *Warrick* v. *Hull,* 102 id. 280; *Pyle* v. *Oustatt,* 92 id. 209; *Michinson* v. *Cross,* 58 id. 369; *Mueller* v. *Rebhan,* 94 id. 147; *Gravel Road Co.* v. *Madaus,* 102 id. 417.

The property is not shown to be the "separate property" of the complainant. *Carpenter* v. *Davis,* 72 Ill. 14.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 5th day of October, A. D. 1870, Walter Treleaven borrowed $6000 of Edward Morrell, for which he gave his promissory note, and at the same time, he and his wife, Jane Treleaven, executed a deed of trust on certain of her real estate, to Mahlon D. Ogden, to secure the payment of the promissory note. The note became the property of Charles H. Morrell. It was not paid at maturity, and the trustee sold the property, under the power in the deed, to Alexander J. D. Dixon and Fitz Eugene Dixon, executors and trustees under the last will and testament of Charles H. Morrell, who had died after becoming the owner of the note, and the trustee executed a deed accordingly. This bill was filed by Jane Treleaven, against Alexander J. D. Dixon, sole surviving trustee, Fitz Eugene Dixon having died after the making of the deed, to set aside that sale, on the ground that the time for the payment of the note was extended by a contract made between her husband and Charles H. Morrell, without her consent, after the maturity of the note, whereby the trust deed became, as she contends, released or extinguished as a security.

The fact that there was a contract between complainant's husband and Morrell, extending the time for the payment of

the note, as alleged in the bill, is put in issue by the denial of the defendant in his answer, and the only witness by whom the contract is claimed to have been proved is the husband of the complainant. The only question, therefore, which we deem it necessary to consider, is, was the husband a competent witness,—Morrell being dead, and the adverse party defending as his executor.

Counsel for appellant contend, that although the court below decreed dismissing the complainant's bill, yet that it admitted in evidence Treleaven's testimony, and that, no cross-error having been assigned in respect of the competency of this evidence, the question is not before us. This is a misapprehension. The objection to Treleaven's evidence is, clearly, not formal nor technical. If his testimony is inadmissible, the objection could, in no way, have been cured. In chancery cases, the whole record, including all the evidence offered, is before us, and we are required to assume that all the incompetent evidence was rejected, and all the competent evidence was admitted and considered, on the final hearing. If there is competent evidence in the record sufficient to sustain the decree, it must be affirmed; if not, it must be reversed,—and this without regard to whether the chancellor may have been right or wrong in his views as to the competency of the evidence at the hearing. *Swift et al.* v. *Castle,* 23 Ill. 209; *Tunison* v. *Chamblin,* 88 id. 382; *Willemin* v. *Dunn,* 93 id. 520; *Jefferson* v. *Jefferson,* 96 id. 556; *Ritter* v. *Schenk et al.* 101 id. 387; *Smith et al.* v. *Long,* 106 id. 485.

At common law, the husband and wife were not competent witnesses for or against each other in suits between them and other parties; and to what extent they are now competent witnesses in such cases, depends entirely upon the language of the statute. To the extent that it declares, and no farther, they are competent.

The first section of our statute entitled "Evidence and De-
positions," (1 Starr & Curtis, chap. 51, p. 1070,) removes the
common law disqualification to parties testifying, in these
words: "No person shall be disqualified as a witness in any
civil action, suit or proceeding, except as hereinafter stated,
by reason of his or her interest in the event thereof, as a party
or otherwise." Then the second section shows in what cases
the disability is not removed: "No party to any civil action,
suit or proceeding, or person directly interested in the event
thereof, shall be allowed to testify therein, of his own motion,
or in his own behalf, by virtue of the foregoing section, when
any adverse party sues or defends as the * * * executor of
any deceased person." Then comes section 5, declaring under
what circumstances husband and wife shall be competent to
testify for or against each other: "No husband or wife shall,
by virtue of section 1 of this act, be rendered competent to
testify for or against each other as to any transaction or con-
versation occurring during the marriage, whether called as
a witness during the existence of the marriage, or after its
dissolution, except in cases where the wife would, if unmar-
ried, be plaintiff or defendant, or where the cause of action
grows out of a personal wrong or injury done by one to the
other, or grows out of the neglect of the husband to furnish
the wife with a suitable support, and except in cases where
the litigation shall be concerning the separate property of the
wife, and suits for divorce, and except, also, in actions upon
policies of insurance of property, so far as relates to the
amount and value of the property alleged to be injured or
destroyed, or in actions against carriers, so far as relates to
the loss of property and the amount and value thereof, or in
all matters of business transactions where the transaction
was had and conducted by such married woman as the agent
of her husband,—in all of which cases the husband and wife
may testify for or against each other, in the same manner
*as other parties may under the provisions of this act.*"

Then how may "other parties testify for or against each other under the provisions of this act?" The word "party," in the other provisions of the act, is clearly distinguished from the word "person," and always means, party to a suit, or party in interest in the suit. It must then have been intended that it should have the same meaning in this section. Giving it that meaning, other parties can not testify in any civil action, suit or proceeding, of their own motion or in their own behalf, when any adverse party sues or defends as the executor of a deceased person, and therefore husband and wife can not testify for or against each other in those instances. This is the construction we gave to the act in *Crane* v. *Crane*, 81 Ill. 165, and that ruling was approved and followed in *Warrick et al.* v. *Hull*, 102 Ill. 280. *Marshall* v. *Peck et al.* 91 Ill. 187, in which there was, through inadvertence in the haste induced by the pressure of an over-crowded docket, a different ruling, is now expressly overruled, as are also any expressions that may be found elsewhere contrary to the ruling in *Crane* v. *Crane, supra.*

In *Pigg et al.* v. *Carroll et al.* 89 Ill. 206, where a bill was filed for partition between heirs of a common ancestor, it was held that the statute has no application; that it was intended to protect the estates of deceased persons from the assaults of strangers, and relates to proceedings wherein the decision sought by the party so testifying would tend to reduce or impair the estate, and does not relate to the relative rights of heirs or devisees, as to the distribution of an estate, in proceedings by which the estate itself is in no event to be reduced or impaired; and this was followed in *Mueller* v. *Rebhan*, 94 Ill. 142, and it has since been followed in other cases. But it is quite plain that the principle involved in those cases has no application here. *Eads* v. *Thompson et al.* 109 Ill. 87, was not analogous to the present case. The adverse party there did not sue or defend as heir. Nothing that was said in *Pyle* v. *Oustatt*, 92 Ill. 209, militates against the present conclusion.

On the contrary, the implication from the reasoning there, is in harmony with the views here expressed, for it is there said : "There is, indeed, nothing in the fifth section that will, in any case, have the effect of rendering one competent who is incompetent under the first and second sections."

In *Powell* v. *Powell et al.* 114 Ill. 329, Bridget Powell, the wife of Daniel, was so clearly incompetent that it was not thought necessary to discuss the question. The remark that the proof failed to show that she was the agent of Daniel, was made in answer to a contention of fact by counsel. It was entirely unnecessary, and is not to be regarded as indicating any rule of law in that regard.

Excluding the evidence of Walter Treleaven, as we must, there is no pretence that there is error in the decree below.

The decree is affirmed.

*Decree affirmed.*