### Elizabeth Mann v. Dennis Forein, Jr., Ex'r, etc.

1. WITNESSES—*Competency of Husband or Wife.*—A husband or wife can not testify for or against each other, where the adverse party sues or defends as the representative of any deceased person.

2. EVIDENCE—*Identification of Notes.*—In a suit on a note for $5,000 a statement by a witness, that he heard the alleged signer of the note say the plaintiff "has a note—now holds a note against me for $5,000," is not sufficient to warrant the admission in evidence of the note sued on without further identification as the note referred to in such statement.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 19, 1896.

SALMANS & DRAPER, attorneys for appellant.

KIMBROUGH & MEEKS and CALHOUN & STEELY, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Assumpsit brought by appellant against appellee on an alleged promissory note of the testator, who was her father, of which the following is a copy:

"FAIRMOUNT, ILLINOIS, April 6th, 1882.

I promise to pay to my daughter, Elizabeth Mann, five thousand dollars at my death, for value received.

his<br>DENNIS X FOREIN."<br>mark.

The pleas were, 1st, the general issue; 2d, denying the execution of the instrument sued on, verified by affidavit of

the defendant upon information and belief; and 3d, no consideration other than natural love and affection; on which issues were made up and the cause was submitted to the jury, who returned a verdict for the defendant.  The court having denied the motion to set it aside, and having rendered judgment thereon, the defendant took this appeal.

On the trial plaintiff called as a witness William Mann, who, after testifying that he was her husband, was asked to look at the instrument sued on and state if he knew who executed it.  Counsel for defendant objected that plaintiff herself being incompetent to testify on her own behalf, her husband was, for that reason, also incompetent, which objection was sustained by the court and he was excluded.

This ruling was in accordance with repeated decisions of the Supreme Court.  Treleaven v. Dixon, 119 Ill. 548; Stodder v. Hoffman, 158 Id. 490, where other though not all of the preceding cases are cited.

George Mitchell was then called for the plaintiff and testified that he was well acquainted with the testator in his lifetime; lived about a quarter of a mile from him, and that about the middle of September, 1892, in witness' father's yard, he heard him say that Mrs. Mann "had a note—she now held a note against him for $5,000."  Upon his cross-examination some matters were brought out which might have been subject to comment before the jury as bearing against the reliability of his testimony, but are not material to the question here presented, which is whether, if true, the statement of the testator to which he testified was sufficient to warrant the admission in evidence of the instrument sued on.  Without further identification as the note referred to in that statement, it was offered, but on objection by plaintiff excluded, and the jury were instructed to find the verdict they did.

We think the action of the court was fairly sustained by the cases cited in the brief for appellee.  Glazier v. Streamer, 57 Ill. 93; Sheller v. McKenny, 17 Ill. App. 189; and Wurster v. Reitziner, 5 Id. 114.  Our attention has not been called to any authority to the contrary.  The judgment will therefore be affirmed.