# GOLDSMITH *v.* VALENTINE.

STATUTES; REMEDIES; HABEAS CORPUS.

1. A remedy afforded by statute must be pursued within the limitations of the statute.

2. Language in a statute having a well-defined meaning should be construed in its ordinary legal sense.

3. Habeas corpus is a civil, and not a criminal, proceeding, and is administered by a court of common law.

4. Under D. C. Code, sec. 1150 (31 Stat. at L. 1373, chap. 854), which provides: "Any person entitled to the custody of another person, unlawfully confined or detained by a third person, as a parent, guardian, committee, or husband, entitled to the custody of a minor child, ward, lunatic, or wife, * * * shall be entitled to a writ of habeas corpus, * * * and the court or justice, upon hearing the proofs, shall determine which of the contesting parties is entitled to the custody of the person so detained, and commit the custody of said person to the party legally entitled thereto,"—the court in a habeas corpus proceeding by a father to obtain the custody of his eighteen-months-old infant son, has no authority to award the custody of the infant to a person not a party to the proceeding.

No. 2223. Submitted November 1, 1910. Decided December 5, 1910.

HEARING on an appeal by the respondents from a decree of the Supreme Court of the District of Columbia, in a habeas corpus proceeding brought by the appellee to obtain the custody of his infant son, awarding the custody of the child to a third person, not a party to that proceeding. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a final judgment of the supreme court of the District of Columbia, awarding the custody of an infant son of the appellee, Charles M. Valentine, to one R. Frank Valentine, a brother of appellee, in a habeas corpus proceeding instituted by appellee against the appellants, Sarah C. Goldsmith and Loretto G. Bullock.

It appears that the infant was in the custody of the appellant Sarah C. Goldsmith, his grandmother, and had been in her custody from the time of his birth until the institution of these proceedings. The father (appellee) filed his petition for a writ of habeas corpus to secure an award of the custody of the child. The appellant Sarah C. Goldsmith, as the maternal grandmother, and the appellant Loretto G. Bullock, as the maternal aunt of the infant, filed their returns, supported by a number of affidavits, alleging that, at the time of the issuance of the writ, the child was eighteen months old, and

that appellee, owing to his excessive use of intoxicating liquor and to his habits of life, was not a fit person to have the care and custody of the infant. It was further alleged that, by an agreement between the parents of the infant at the time of their contemplated marriage, it was agreed that any child born in wedlock should be reared in the religion of the mother,— namely, the Catholic religion,—and that, if the appellee was awarded the custody of the child, his purpose was to bring him up in a religion other than the Catholic religion. On hearing, the court found that appellee was an unfit person to have the custody of the child, and entered the judgment from which the appellants have appealed.

*Mr. Daniel W. O'Donoghue* and *Mr. Arthur A. Alexander* for the appellants.

There was no appearance for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

There are a number of assignments of error. Consideration of the first, namely, that "the court erred in awarding the custody of the infant to a person not a party to the proceedings," will be sufficient to dispose of this appeal. R. Frank Valentine, the brother of the appellee, to whom the custody of the infant was awarded, was not a party to this proceeding. It is contended that the court, under sec. 1150 of the D. C. Code [31 Stat. at L. 1373, chap. 854], was required to award the custody of the child either to the appellee or to one of the appellants. This section provides as follows: "Any person entitled to the custody of another person, unlawfully confined or detained by a third person, as a parent, guardian, committee, or husband, entitled to the custody of a minor child, ward, lunatic, or wife, upon application to the court or a justice as aforesaid, and showing just cause therefor, under oath, shall be entitled to a writ of habeas corpus, directed to the person confining or detaining as aforesaid, requiring

him forthwith to appear and produce before the court or justice the person so detained; and the same proceedings shall be had in relation thereto as hereinabove authorized; and the court or justice, upon hearing the proofs, shall determine which of the contesting parties is entitled to the custody of the person so detained, and commit the custody of said person to the party legally entitled thereto."

It should be remembered that the appeal is here taken from a judgment in an action at law, and not from a decree in equity; hence the remedy, being one afforded by statute, must be pursued within the limitations of the statute. The statute is plain, and, we think, clearly limits the court in its judgment to an award to one of the contesting parties. This language has a well-defined meaning, and should be construed in its ordinary legal sense to embrace such persons only as are parties to the action, or who have become such in some mode prescribed or recognized by the law, so that they would be directly bound by the judgment entered by the court. *Robinson* v. *Vandeburg County,* 37 Ind. 333; *Woods* v. *DeFiganiere,* 16 Abb. Pr. 1; *Treleaven* v. *Dixon,* 119 Ill. 548, 9 N. E. 189; *Hunt* v. *Haven,* 52 N. H. 162. In habeas corpus proceedings affecting guardianship, the court here derives its jurisdiction from the statute, and its power to act is limited to "the contesting parties." *Osborn* v. *Bank of United States,* 9 Wheat. 738, 855–857, 6 L. ed. 204, 232.

It is well settled that habeas corpus is a civil, and not a criminal, proceeding, and is administered by a court of common law. *Cross* v. *Burke,* 146 U. S. 82, 36 L. ed. 896, 13 Sup. Ct. Rep. 22. The custody of infants and the appointment of guardians are proper subjects of chancery jurisdiction, and the courts of equity generally exercise wide jurisdiction over the persons and property of infants. In habeas corpus proceedings, the court will not try the question of guardianship, or order the infant into the custody of another. Its judgment will extend only to the relief of the infant from illegal restraint; and, if the infant is competent to elect, it will allow it to exercise such right. Adams, Eq. 280; *Armstrong* v. *Stone.*

9 Gratt. 102; *People ex rel. Wilcox* v. *Wilcox,* 22 Barb. 178; *Foster* v. *Alston,* 6 How. (Miss.) 406; *Re Burrus,* 136 U. S. 586, 34 L. ed. 500, 10 Sup. Ct. Rep. 850. In other words, the writ of habeas corpus confers no jurisdiction upon a court of law to appoint a permanent guardian for an infant. A court of chancery is the proper tribunal for such proceeding. *Re Poole,* 2 MacArth. 583, 29 Am. Rep. 628.

In Church on Habeas Corpus, sec. 452, the author, discussing the distinction between the authority of courts of law and chancery in guardianship matters, says: "The writ of habeas corpus is a common-law writ, and confers no jurisdiction to appoint guardians of infants, to superintend their education, and to instruct them in correct habits of life. A court of chancery is the appropriate tribunal for such a purpose. Proceedings on habeas corpus to recover the custody of infants are regarded as actions at law; but we have seen the plenitude of power which the courts of law have exercised in these cases respecting the custody of infants; an exercise of power, Hurd says, which it might be difficult to completely defend. It may, however, be explained by recognizing the fact that in such cases the courts have sometimes exercised a degree of equity jurisdiction; but it is far short of the power exercised by a court in equity, sitting as the representative of the sovereign in the character of *parens patriæ.* We have more than once shown that the courts of law and the courts of equity, in the exercise of their respective jurisdictions under the writ of habeas corpus, possess exactly the same power and discretion."

Whatever discretion may be conferred upon a court of law in a habeas corpus proceeding to award even the temporary custody of an infant to a person not a party to the proceeding has been taken away by the language of our Code. The statute clearly confines the jurisdiction of the court in its award to the parties litigant. The court, in awarding the custody of the infant in this case to the brother of the appellee, who was not a party to the proceeding, committed error.

The judgment is reversed, with costs, and cause remanded for further proceedings not inconsistent with this opinion, and it is so ordered.    *Reversed.*