**STANDARD ACCIDENT INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Joseph D. LOHMAN, not individually but as Sheriff of Cook County, Illinois, Samuel J. Wolinsky and Joseph Maggiore, Defendants-Appellees.**

No. 13275.

United States Court of Appeals
Seventh Circuit.

Sept. 29, 1961.

262

Gilbert Gordon, Chicago, Ill., Brooks & Gordon, Chicago, Ill., for appellant.

Roger D. Doten, Daniel P. Ward, State's Atty., Chicago, Ill., John P. Hampton, Chicago, Ill., Edward J. Hladis, Asst. State's Atty., Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Standard Accident Insurance Company, plaintiff-appellant, appeals from a judgment order of the District Court dismissing its action against defendants-appellees. By its complaint filed in the District Court Standard, as plaintiff, seeks to recover damages from the defendants-appellees Joseph D. Lohman, former sheriff of Cook County, Illinois, and Samuel J. Wolinsky and Joseph Maggiore, deputy sheriffs, allegedly caused by a false, fraudulent or erroneous return of a summons as having been served on plaintiff's assured, Fred O. Groth, in a State court personal injury suit filed against Groth. The complaint alleges in substance that a default judgment for $18,500.00 entered against Groth in that action was reinstated on appeal after having been vacated by the trial court (Pyle v. Groth, 15 Ill.App.2d 361, 146 N.E.2d 219) on Groth's contention that he was not served. Groth then brought suit against the plaintiff on its policy in the District Court which dismissed

Groth's complaint on plaintiff's motion grounded on the premise that Groth failed to comply with the policy provision requiring that he immediately forward to the company any summons received by him or his representative and was estopped by a prior adjudication of the State court that he was in fact served with summons in the Pyle suit. This Court reversed (Groth v. Standard Accident Insurance Company, 7 Cir., 267 F.2d 399) and on remand Groth obtained a judgment for $17,500.00 against plaintiff which it satisfied. By its complaint plaintiff seeks recovery of this $17,500.00 plus $3500.00 expended in the unsuccessful defense of Groth's suit against it. Jurisdiction is based on diversity allegations that plaintiff is a Michigan corporation with its principal place of business in that State and defendants residents of Illinois. The complaint alleges that Groth, in fact, was not served with summons in the Pyle suit and that the return indicating personal service on Groth was made by defendants Lohman and Wolinsky and that defendant Maggiore aided in the service of the process.

Defendants filed a motion to dismiss grounded on (1) failure of the complaint to state a claim upon which relief can be granted plaintiff; (2) lack of privity between plaintiff and defendants and failure to allege a legal basis for recovery of the alleged damages; and (3) the pendency of a State court action by Groth against defendants in which Groth seeks recovery of the amount of the Pyle judgment, interest, costs, expenses and attorney fees, and punitive damages.

The cause was heard on the complaint and motion, and the District Court, after making and entering findings of fact and conclusions of law, entered a judgment order dismissing plaintiff's action.

The main contested issues presented by plaintiff's appeal are:

(1) Whether, on the allegations made, plaintiff has a direct nonderivative action against the defendants.

(2) Whether, if plaintiff's rights are merely those of a partial subrogee, it

may maintain its action against defendants without joining Groth, and, if not, would such joinder destroy diversity jurisdiction?

Plaintiff asserts that its complaint alleges defendants' disobedience of the command of the summons with consequent liability to plaintiff under the provisions of § 16 of the Illinois Sheriff's Act (Ill.Rev.Stat.1955, ch. 125, § 16). And, in any event, as wrongdoers defendants are liable to the plaintiff for the amounts it expended.

Section 16 of the Sheriff's Act provides:

"The disobedience of any sheriff to perform the command of any writ, warrant, process, order or decree legally issued to him, shall be deemed a contempt of the court that issued the same, and may be punished accordingly; and he shall be liable to *the party aggrieved* for all damages occasioned thereby." (Emphasis supplied.)

 The statute by its express terms limits liability thereunder to the "party aggrieved" and the word "party" when used with reference to process or judicial proceedings is a word of art, a technical word of precise meaning, referring to a party to the process or proceeding as distinguished from the word "person". When so used the word does not include other persons unless it is apparent that it was used in the more popular sense. Cf. Treleaven v. Dixon, 119 Ill. 548, 553, 9 N.E. 189; State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179, 185. The context here evinces no intent of the legislature to use the word in a more general sense. Other sections of the same Act (Ill.Rev.Stat.1955, ch. 125, §§ 4, 18, 21, 22, 23 and 24 employ the word "person" where appropriate and demonstrate that the legislature was aware of the difference in meaning. Thus in § 21 both words are employed and each in its appropriate meaning.

 Plaintiff was a stranger to the Pyle suit and the summons issued therein. It was not a party to the suit or the process and its reliance on the statute is misplaced. It is not a "party" embraced within its terms.

 Plaintiff's contention that apart from the statute defendants are directly liable to it is without merit. The alleged wrongdoing of the defendants was not a breach of any duty the defendants owed to the plaintiff. Defendants owed no duty to plaintiff with reference to the service or return of the summons in the Pyle suit. No breach of duty defendants owed plaintiff was the proximate cause of Groth's recovery from plaintiff. That recovery was the result of plaintiff's contractual obligation under its policy issued to Groth—its undertaking to indemnify Groth under circumstances such as those which arose. And, that plaintiff elected to litigate its contractual liability to Groth does not make defendants liable for the attorney fees and expenses it incurred in its unsuccessful defense of Groth's suit against it.

Cases such as Philpot v. Taylor, 75 Ill. 309, relied upon by plaintiff, which recognize the general rule that a wrongdoer is answerable for all the consequences in the ordinary and natural course of events are of no aid to plaintiff. Such rule is premised on a wrong which is a breach of duty owed the plaintiff. In Philpot the wrongdoer defendants falsely pretended to be agents of the plaintiff—a direct breach of a duty they owed plaintiff. We are of the opinion that plaintiff has no direct nonderivative cause of action against defendants.

The allegations of plaintiff's complaint disclose that the judgment recovered against Groth in the Pyle suit was for $18,500.00; that Groth's judgment against the plaintiff which it has satisfied, was for $17,500.00. The affidavit filed in support of defendants' motion to dismiss discloses that Groth is suing defendants in State court for damages which include the amount of the Pyle judgment.

 Plaintiff has not paid Groth the full amount of the Pyle judgment against Groth nor reimbursed him for costs and

expenses. It makes no claim that it is a full subrogee. It has no right to maintain an action against defendants as subrogee of Groth. In Town of Hamden v. American Surety Co., 2 Cir., 93 F.2d 482, 486, the rule was stated as follows:

"It is settled that a surety liable for only part of a debt does not become subrogated to collateral or to remedies available to the creditor unless he pays the whole debt or it is otherwise satisfied. American Surety Company v. Westinghouse Electric Company, 296 U.S. 133, 56 S.Ct. 9, 80 L.Ed. 105; Jenkins v. National Surety Company, 277 U.S. 258, 48 S.Ct. 445, 72 L.Ed. 874; United States v. National Surety Company, 254 U.S. 73, 41 S.Ct. 29, 65 L.Ed. 143; U. S. Fidelity & Guaranty Co. v. Union Bank & Trust Co., 6 Cir., 228 F. 448."

The same rule is recognized and applied in Robbins v. Slavin, 292 Ill.App. 479, 489, 11 N.E.2d 651, 656, where it is stated:

"In Conwell v. McCowan, 53 Ill. 363, and Elgin Nat. Bank v. Goecke, 295 Ill. 403, 408, [129 N.E. 149], it is stated as an elementary principle of subrogation that the right does not exist until the surety has actually paid the debt. In 25 R.C.L. § 6, p. 1318, is a full discussion of the subject of Subrogation, the author saying that a person is not entitled to be subrogated to a creditor's securities until the claim of the creditor has been paid in full. 'A *pro tanto* assignment or subrogation will not be allowed.' "

Any assertion of rights as a partial subrogee of Groth would require Groth's joinder as a party. Both plaintiff and Groth have an interest in any recovery from defendants because of their alleged wrongdoing. Rule 19(a) of the Federal Rules of Civil Procedure (28 U.S.C.A. Rule 19(a)) requires that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants". And, proper alignment of parties on such joinder would destroy the necessary diversity and require dismissal of the action. Soderstrom v. Kungsholm Baking Co., 7 Cir., 189 F.2d 1008; Mallin v. Schaper, 7 Cir., 185 F.2d 1, 2; Metropolis Theatre Co. v. Barkhausen, 7 Cir., 170 F.2d 481, 484.

We conclude that the District Court did not err in granting defendants'. motion to dismiss and that its judgment order dismissing plaintiff's action should be affirmed.

Affirmed.