PRENTISS D. CHENEY

*v.*

N. D. RICKS *et al.*

*Opinion filed October 19, 1900.*

1. CO-TENANCY—*facts under which the liability to account may arise.* The liability of one co-tenant to account to another may arise either from receiving from a third party more than his share of the rents and profits or from appropriating to his own use more than his portion of the common estate, the remedy in such cases being by bill for accounting.

2. SAME—*if co-tenant is not a wrongdoer he need account only for rents actually received.* A tenant in common who is in possession of all the land but who has not ousted his co-tenant is liable only for the rents actually received after deducting all just charges.

3. ACCOUNTING—*proper manner of accounting for grain rent.* Where the rent received by one co-tenant is grain, which is for a time stored and afterwards sold for a profit, it is proper, on accounting, to charge him with all he received or had on hand and to credit him with amounts paid out for taxes and labor and to protect, store and market the grain received.

4. SAME—*interest should be claimed in the trial court.* In an action for accounting, interest should be claimed in the trial court, as the question cannot be raised for the first time on appeal.

*Cheney* v. *Ricks*, 87 Ill. App. 388, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. WILLIAM M. FARMER, Judge, presiding.

FRANK P. DRENNAN, for appellant.

PROVINE & PROVINE, and JAMES B. RICKS, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery originally brought by N. D. Ricks and appellees Maxon and Provine, against Prentiss D. Cheney and others, praying that partition be made of a number of tracts of land in Christian county,

aggregating 5481 acres, owned by the complainants and Prentiss D. Cheney as tenants in common, in the following proportions, viz., the complainants an undivided two-fifths and Prentiss D. Cheney an undivided three-fifths part thereof. Prentiss D. Cheney filed a cross-bill, in substance admitting the allegations of the original bill except as to 1920 acres of the land, which he claimed to own absolutely. Answers and replications were filed. The cause was referred to a master in chancery and submitted to the court upon proofs taken and the master's report. A decree was entered dismissing the cross-bill and finding the title in the respective parties as stated in the original bill, and commissioners were appointed to make partition of the premises. Prentiss D. Cheney perfected an appeal to this court and the decree was affirmed in part. (*Cheney* v. *Ricks,* 168 Ill. 533.) The case was remanded, and on the 22d day of August, 1898, a decree was entered confirming the report of the commissioners and referring the case again to a master in chancery "to take and state the account of rents and profits received from said lands" by either of said parties in excess of his or their share since March 10, 1895; also of the taxes and other expenses or allowances paid by' said parties, or either of them, in excess of his or their share since that time. Upon the master's report coming in, the court found that appellees Maxon and Provine had received rents and profits from said lands, including the value of products on hand, after making all proper allowances and deductions, to the amount of $1817.23 in excess of their share thereof, and decreed that they pay that sum to Prentiss D. Cheney, from which decree Prentiss D. Cheney prayed an appeal to the Appellate Court for the Third District. That court affirmed said decree, and appellant has appealed to this court from such judgment of affirmance.

Appellees Maxon and Provine, from, March 10, 1895, to August 22, 1898, received the rents and profits from

one-half of this land, which is one-tenth part thereof greater than they are entitled to take and use, and they are liable to account for such proportion to appellant. N. D. Ricks, pending the litigation, conveyed his interest in the land to Maxon and Provine, and the rent for 1898 was amicably adjusted. The lands held by appellees were cultivated by tenants, who paid them as rent therefor a portion of the crops grown thereon. In the statement of the account appellees were charged with the rents actually received by them, and not with the rental value of the lands. This appellant claims was erroneous, and insists mainly on a reversal of this case by reason thereof.

At the common law one tenant in common had no remedy against his co-tenant on account of rents and profits of the common estate unless the latter had been appointed bailiff of the former, in which case he was liable not only for actual receipts, but also for what he might have received by the exercise of reasonable diligence, or at least without willful fault, (Bacon's Abr. 32; Coke on Littleton, 209*b*; *Woolley* v. *Schrader*, 116 Ill. 29;) to remedy which hardship the Statute of 4 and 5 Anne, chap. 16, was enacted. (Freeman on Co-tenancy and Partition, sec. 270.) To the same effect is our statute. (1 Starr & Cur. chap. 2, sec. 1.) The liability of one co-tenant to account to another may arise either from receiving from a third party more than his share of the rents and profits, or from his appropriating to his own use more than his proportion of the common estate. (*Angelo* v. *Angelo*, 146 Ill. 629.) The remedy is by action to compel an accounting. (*Angelo* v. *Angelo, supra.*) Assumpsit will not lie. (*Crow* v. *Mark*, 52 Ill. 332.) The liability in this case is based upon the fact that appellees have received as rent more than their share of the profits of the common estate. The evidence does not show them to be wrongdoers, and the court did not err in requiring them to account only for what they had so received, and no more, after deducting

all just charges, for the law is well settled that a tenant in common in possession of all the land, but who has not ousted his co-tenant, is liable only for rents actually received. (11 Am. & Eng. Ency. of Law, p. 1102, and notes.)

The method pursued by the master in stating the account was, in our opinion, regular and in accordance with the usual practice in such cases. (*Patterson* v. *Johnson*, 113 Ill. 559.) The rent received was mostly grain, which was for a time stored by appellees and afterwards sold for a profit. Appellees were charged with all they received or had on hand, and allowed credit for taxes, labor and other disbursements paid out and expended by them in protecting and preserving the common estate and storing and marketing the grain rent received by them. A balance was struck and appellees decreed to pay to appellant the one-tenth part thereof. This was equitable and just and according to law.

It is insisted by appellant that he should have been allowed interest upon the sum found to be due him. No claim was made for interest in the trial court and the question cannot be raised in the Appellate Court for the first time, and so long as appellant was claiming to be the absolute owner of 1920 acres of the land no account could be stated.

The interests of the parties were undivided in the entire estate until the commissioners' report was confirmed, therefore there is no force in the contention of appellant that the 700-acre tract, which had been in the possession of appellees and which was assigned to him, should alone be taken into consideration in stating the account.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*