**Eagle Brewing Company, Defendant in Error, v. August Netzel, Plaintiff in Error.**

**Gen. No. 16,186.**

LANDLORD AND TENANT—*power of joint tenant to lease.* As against every one except only his cotenant, either one of two joint tenants can grant a lease of the entire premises and thereby enable his lessee to recover possession of the entire premises and not merely of an undivided half, as against any one wrongfully withholding the same.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed January 6, 1911.

MAYER, MEYER, AUSTRIAN & PLATT, for plaintiff in error.

STANLEY S. WALKOWIAK, for defendant in error; MARVIN E. BARNHART, of counsel.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

Plaintiff recovered against defendant in a forcible

detainer suit in the Municipal Court of Chicago. To reverse this judgment a writ of error was sued out of this court.

There is considerable conflict in the evidence. Most of the witnesses gave their testimony in Polish; the trial judge, to whom the cause was submitted without a jury, and who understood this language, acted also as interpreter. We have carefully considered the record in the case and we are unable to say, under these circumstances, that the court was not justified in finding that the preponderance of the evidence was with the plaintiff.

Its claim was based on a lease signed by husband and wife, joint tenants, in the body of which, however, only the husband was named as lessor. Defendant's claim was based on a document signed by the husband alone in which there were combined a receipt for one month's rent and an agreement to give a five years' lease of the premises to defendant.

The trial court was justified in finding that this agreement for a lease was a nullity as having been procured by fraud and without the knowledge or consent of the signer inasmuch as he, being nearly deaf, did not hear the interpreter, who knew nothing of the deafness, translate that part of the document, and he never intended to sign such an agreement.

While defendant was the assignee of a former tenant whose lease however prohibited him from assigning it, he did not take possession of such assignee but only by virtue of the tenancy from month to month and the alleged agreement for a five-year lease contained in the receipt given by one only of two joint tenants. Inasmuch therefore as his right of possession is based on an alleged tenancy derived from one joint tenant, he would be estopped from denying the right of his landlord or of one claiming under him, in this proceeding.

Moreover we are of the opinion that as against every

one except only his co-tenant, either one of two joint tenants could grant a lease of the entire premises and thereby enable his lessee to recover possession of the entire premises and not merely of an undivided half, as against any one wrongfully withholding the same. Freeman Cotenancy, 2nd ed., secs. 253, 343 and 344.

*Affirmed.*