National Gas & Oil Co., Appellant, v. H. Rizer, Appellee.

Gen. No. 47,545.

First District, Second Division.
January 27, 1959.
Rehearing denied February 19, 1959.
Released for publication February 19, 1959.

Koven, Koven, Salzman & Homer, of Chicago, for appellant.

Spatuzza, Yedor & Buckley, of Chicago (Bernard Yedor, of counsel) for appellee.

JUSTICE KILEY delivered the opinion of the court.

This is a declaratory judgment suit by a lessee, seeking to have declared void a lease signed by one of two joint tenants. Defendant's motion for summary judgment was sustained and the complaint was dismissed. Plaintiff has appealed.

Plaintiff's complaint alleges that the "existing controversy concerns the validity of the lease," which he claims is "invalid in its entirety," because defendant alone, of the two joint tenants, executed the lease as lessor.

This claim poses the decisive question in the case. The trial court decided the lease was "valid, binding and subsisting," and ordered the dismissal at plaintiff's costs. We think the judgment of dismissal was right.

Defendant and his wife are joint tenants in ownership of the premises, a Chicago gas station. She did not sign the lease, but knew of the transaction and not only did not object but, in a deposition, offered to add her signature. No other facts need be recited.

In support of its theory, plaintiff relies mainly upon Hall v. Boyd, 347 Ill. App. 60 (Fourth Dist.). That was a forcible detainer action, in which plaintiff, sole owner of the premises since his grantor had acquired the interest of all the co-tenants, was seeking to oust from possession a lessee under a lease executed earlier by one of the co-tenants. Plaintiff's title was subject to the lease, and he claimed possession on the ground that since only one co-tenant signed the lease, the lease was invalid and defendant not entitled to possession. The trial court entered judgment for plaintiff for possession, and the Appellate Court affirmed.

The factual situation in the Hall case is clearly different from that in the instant case. The plaintiff Hall in his complaint stood in the shoes of the non-signing co-tenants, and so to that extent co-tenants were complaining, whereas here the lessee only is complaining. The court there said that the "lease was not effective to bind" the non-signing co-tenants, citing Zeigler v. Brenneman, 237 Ill. 15, and that because the property involved was not subject to partition, so that the interest of the lessor who signed could be set off, the lease was invalid in its entirety, since it was "obvious" under the facts there that the non-signing co-tenants were "prejudiced."

Plaintiff relies also on Fredrick v. Fredrick, 219 Ill. 568, where, on pp. 581, 582, the Supreme Court decided that devisees of a homestead had no greater rights than the testatrix, who was without power to grant an estate in the co-tenancy to the detriment of her co-tenant. The distinction again is that in the instant case the lessee is questioning the title of his lessor, Barkman v. Barkman, 107 Ill. App. 332; Eagle Brewing Co. v. Netzel, 159 Ill. App. 375, while in the Fredrick case the devisees were, of course, not complaining of the lack of power of the testatrix.

Plaintiff also refers us to Fyffe v. Fyffe, 292 Ill. App. 539. There one co-tenant purported to give a

lessee exclusive right to drill for oil and gas. Finally, plaintiff cites Finch v. Green, 225 Ill. 304. There a co-tenant purported to convey a particular part of the estate. In both cases co-tenants and not lessees were complaining, therefore, also, these cases are distinguished on their facts.

■■ No case is cited by the plaintiff in which the lessee of one of two joint tenants succeeded in invalidating a lease in a suit against his lessor, as plaintiff is attempting to do here against the joint tenant who signed the lease. It is this fact that renders applicable the rule stated in Zeigler v. Brenneman, 237 Ill. 15, on p. 23, and followed in Swartzbaugh v. Sampson, 11 Cal.App.2d 451, 54 P.2d 73, 78, to the effect that as between such a lessor and his lessee, "even while the premises remain undivided," the lease "is just as valid as a lease of property owned entirely by the lessor." That rule was applied to a co-tenancy and is therefore applicable for a stronger reason to this joint tenancy, because each joint tenant is seized of the whole estate, 48 C. J. S. Joint Tenancy sec. 6, 14 Am. Jur. Cotenancy sec. 7.

In his motion for summary judgment defendant relied upon a deed from his wife and co-tenant to establish his sole ownership. The affidavit in support of this claim was met by a counter-affidavit in behalf of plaintiff. The trial court found, however, that there was no "disputed issue of fact." Even if the counter-affidavit raised a question of fact as to the validity of the deed or the intention of defendant's co-tenant to convey title, we think the issue would be immaterial. If the deed were not effective to convey the co-tenant's interest, as plaintiff contended, defendant was nevertheless entitled to judgment as a matter of law because of our decision, on the question of law, in the preceding paragraph.

■■ That question of law was presented and argued here, and defendant-appellee is not confined on

335

appeal to his sole-ownership theory raised at the trial, Becker v. Billings, 304 Ill. 190, 205; Hazel v. Hoopeston-Danville Motor Bus Co., 310 Ill. 38, 51. See also In re Estate of Leichtenberg, 7 Ill.2d 545, 549 for statement of the rule. And we are not bound by the precise reasons given by the trial court in our affirmance of its judgment.

There was no "genuine issue" as to any material fact, and defendant was entitled to judgment as a matter of law, Section 57 C. P. A.

Affirmed.

LEWE, P. J. and MURPHY, J., concur.