THE CITY OF CHICAGO, Plaintiff-Appellant, v. AIR AUTO LEASING COMPANY *et al.*, Defendants (David Zaransky, Respondent-Appellee).

First District (1st Division)   No. 1—96—3129

Opinion filed June 29, 1998.

874

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, Thomas J. Bamonte, and Sonja D. Rajkovich Assistant Corporation Counsel, of counsel), for appellant.

Kulwin & Associates, of Chicago (Shelly B. Kulwin and Michael C. Bennett, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from attempts by plaintiff City of Chicago (the City), to collect a judgment against defendants, Air Auto Leasing Co. *et al.*, for more than $460,000, entered on findings that defendants had breached an automobile rental concession license agreement with the City. In order to aid in its collection of the judgment, the City filed and served citations to discover assets upon respondent, David Zaransky, personally and as a corporate officer of all the defendants. Subsequent to receiving the citations, respondent transferred more than $82,000 from defendants' checking accounts.

A hearing was ordered to settle the issue of whether respondent Zaransky violated the City's citations as a matter of law by making

payment, not for his benefit but for defendants in the operation of business and as a matter of necessity. After the hearing, the trial court dismissed the City's petition. All questions arise on the pleadings.

The following issues are raised on appeal: (1) whether the circuit court erred in dismissing the City's petition for a judgment remedy on the ground that respondent's transfers of defendants' assets after respondent had been served with citations prohibiting such transfers were justified on equitable grounds because they were made in the ordinary course of defendants' business; (2) whether the circuit court erred in dismissing the City's petition on the ground that the City should have executed on its judgment rather than relying upon the prohibition on transfer of defendants' assets in the citations; and (3) whether the circuit court erred in dismissing the City's petition on the ground that respondent, as a corporate officer, cannot be held personally liable for transfers of defendants' property in violation of the prohibition on transfer of corporate assets in the citations served personally on the officer.

On October 9, 1985, the City entered into an automobile rental concession license agreement with O'Hare Rent-A-Car, Inc. (O'Hare), under which the City granted O'Hare a license to operate an automobile rental concession at O'Hare International Airport. O'Hare defaulted on its obligation to pay certain fees to the City, and on March 5, 1993, the City filed a complaint for breach of contract against O'Hare.

The circuit court allowed the complaint to be amended to add Air Auto Leasing Co., Airways Rent-A-Car Co., Embassy Auto Leasing, Inc., Leased Car Sales, Inc., Main Auto Leasing Co., and Ridgeview Motors, Inc., as party defendants. On April 26, 1995, judgment was entered in favor of the City and against defendants in the amount of $461,956.75.

Immediately after the judgment was entered, numerous citations to discover assets were issued by the City. The citations were all served on respondent, both personally and as the responsible corporate officer of all defendants. Respondent was served with these citations at his residence in the evening. Each of the citations contained the following restraining provision:

> "You are prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which he may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or become due to judgment debtor, until further order of court or termination of

the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

Warning: Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment."

See 735 ILCS 5/2—1402(d) (West 1996).

■ On December 29, 1995, the City filed a petition for a rule to show cause why David Zaransky should not be held in contempt (the petition). The petition sought the imposition of a judgment remedy against respondent under section 2—1402(f)(1) of the Illinois Code of Civil Procedure (735 ILCS 5/2—1402(f)(1) (West 1996)). That section provides:

"The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, *** belonging to the judgment debtor ***, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the balance due sought to be enforced by the judgment creditor. The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment ***, or in the amount of the value of the property transferred, whichever is lesser." 735 ILCS 5/2—1402(f)(1) (West 1996).

In its petition, the City alleged that respondent had been served with the citations barring the transfer of defendants' property by no later than April 28, 1995, in his personal capacity and in his capacity as officer of all defendants.

The City further alleged that respondent was the only authorized signatory on defendants' primary checking and payroll checking accounts. Despite the citations, respondent caused $55,445.58 to be transferred from the primary account and $27,367.49 from the payroll account, totalling $82,813.07, by writing over 120 checks in a seven-week period. Respondent had personally guaranteed a substantial amount of defendants' debt to banks and finance companies, and the City alleged that respondent made the transfers "for the purpose of maintaining the judgment debtors' day to day operation *** [which] in turn would increase the likelihood that the judgment debtors would be in a position to continue business, refinance the loans guaranteed by David Zaransky, and thereby diminish David Zaransky's ultimate liability for those loans."

On March 7, 1996, a hearing was held on the question of whether respondent violated the citations "as a matter of law, when, notwithstanding the issuance of those citations he made payments, not for his benefit but for the judgment debtors in the operation of business and as a matter of necessity." The City claimed that, pursuant to section 2—1402(f)(1) (735 ILCS 5/2—1402(f)(1) (West 1996)), it was entitled to a judgment remedy against respondent in the amount that he had transferred from defendants' checking accounts in violation of the restraining provision of the citations.

At the hearing, the circuit court first established that respondent had been served with citations both in his personal capacity and in his capacity as an officer of defendants. The court also found that respondent had waived any challenge to the adequacy of the service of the citations.

The City informed the court that many of the asset transfers respondent made after receipt of the citations were to trade creditors and represented payments of ordinary business expenses, such as for phone and pager service, utilities, car parts and gas. None of these payments was made to creditors that had obtained judgments prior to the City's judgment and, thus, held a right superior to the City to the money in defendants' checking accounts. Additional payments were made to governments, respondent's son, banks, and various unknown parties from the payroll account.

Respondent explained that he had not obtained prior court approval before transferring defendants' assets because he had assumed that the City had tacitly consented to defendants' continued operation. Respondent claimed that because the transfers were made to pay corporate bills, the City's only remedy against him, according to section 2—1402(f)(1), was criminal contempt.

The court dismissed the petition against respondent since all of his activities "were corporate related and in his capacity as corporate officer of the judgment debtor." The court found that "[t]he City had the opportunity to enforce the judgment before David Zaransky's activities occurred, but failed to do so by execution of judgment." The court also found that since no "willful and contumacious conduct by David Zaransky was alleged" by the City, he cannot be subject to a finding of criminal contempt, "which is the sole remedy available to the City against David Zaransky for the conduct allegedly taken by him as set forth in the City's Petition."

On April 8, 1996, the City filed a motion for reconsideration. During the hearing on the motion, the court concluded that a citation does not bar the recipient of that citation from continuing to make certain expenditures of the judgment debtor's funds. The court denied the motion for reconsideration. The City appeals.

We first examine whether the circuit court erred in dismissing the City's petition on the ground that respondent's transfers were justified because they were made in the ordinary course of defendants' business. The circuit court determined that respondent's transfers were for proper corporate purposes, and so respondent was shielded from liability by the exceptions to section 2—1402(f)(1). 735 ILCS 5/2—1402(f)(1) (West 1996).

■ Citations, such as those in the instant case, give judgment creditors an opportunity to examine the judgment debtor and third parties "to discover assets or income of the debtor not exempt from the enforcement of the judgment." 735 ILCS 5/2—1402(a) (West 1996). Section 2—1402 is to be construed liberally, not only providing for the discovery of a debtor's assets and income, but also vesting the courts with "broad powers to compel the application of discovered assets or income to satisfy a judgment." *Kennedy v. Four Boys Labor Services, Inc.*, 279 Ill. App. 3d 361, 367, 664 N.E.2d 1088, 1091 (1996). When the citation is served, it creates a judgment lien "upon all personal property belonging to the judgment debtor in the possession or control" of the judgment debtor or third party. 735 ILCS 5/2—1402(m)(1) (West 1996).

■ The Illinois legislature has carved out two exceptions to the section 2—1402(f)(1) restraining provision. The first exception pertains to transfers of property "exempt from the enforcement of a judgment therefrom." 735 ILCS 5/2—1402(f)(1) (West 1996). The second exception applies to property of the judgment debtor in the hands of third parties that is in excess of an amount that is "double *** the balance due sought to be enforced by the judgment creditor." 735 ILCS 5/2—1402(f)(1) (West 1996).

■ In this case, citations were served on respondent both in an individual capacity and as the responsible corporate officer for the judgment debtors. By having the citations served, the City obtained a judgment lien on defendants' property, including the money in defendants' checking accounts. The citations put respondent on clear notice that he was "prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor." The citations do not make any allowance for payment to trade creditors, respondent's son or any other third parties for any purpose. None of respondent's transfers fall within either exception to section 2—1402(f)(1).

There is no statutory exception for transfers made "in the ordinary course of business," as the circuit court found. Since the legislature chose to include two express exceptions to section 2—1402(f)(1), we refuse to find an additional exception where the legislature did not

create one. See *Welch v. Johnson*, 147 Ill. 2d 40, 52, 588 N.E.2d 1119, 1124 (1992) ("It is a fundamental principle of statutory construction that the express mention of one thing in a statute excludes all other things not mentioned"). Regardless, an exception made for transfers in the ordinary course of business would be contrary to the purpose of the citation process since service of a citation to discover assets is clearly designed to ascertain and freeze the judgment debtor's nonexempt assets, up to an amount double the balance due on the judgment. See 735 ILCS 5/2—1402(f)(1) (West 1996).

■ We also disagree with the circuit court that the City should have executed on its judgment rather than relying upon the prohibitive provision in the citations. One of the purposes of the citation is to discover the whereabouts and extent of the judgment debtor's assets to aid in the creditor's collection of the judgment. The City should not be punished for choosing to rely on the unequivocal language in the citations barring respondent and defendants from transferring any of defendants' property subject to the judgment. Moreover, the City was diligent in establishing a judgment lien on defendants' property in that citations were issued immediately upon receipt of the judgment in its favor.

■ Finally, we disagree with the circuit court that respondent acted properly in his capacity as a corporate officer and, thus, is not liable for his transfers of defendants' property. It is well settled that corporate officers are obligated to obey judicial orders directed at their corporations. See *Wilson v. United States*, 221 U.S. 361, 376, 55 L. Ed. 771, 777, 31 S. Ct. 538, 543 (1911) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs"). Moreover, the seventh circuit has held that corporate officers are not entitled to the qualified privilege where their actions violate Illinois law. *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1995).

In this case, the citations served on respondent, both in his capacity as defendants' corporate officer and in an individual capacity, expressly prohibited him from transferring or allowing the transfer of defendants' assets. The fact, as the circuit court found, that respondent's transfers were all made for proper corporate purposes is irrelevant since respondent did precisely what section 2—1402 barred him from doing. There is no statutory exception for transfers made for proper corporate-related expenses.

The circuit court's ruling undermines the effectiveness of the citations and ignores the purpose of section 2—1402(f)(1), which is to account for and preserve the assets of the judgment debtor. By violating the prohibitive provision in the citations without court approval, ap-

pellee acted illegally. Thus, he cannot invoke the protection afforded to corporate officers by the qualified privilege. The circuit court erred by refusing to hold respondent liable for the amount he transferred out of defendants' checking accounts after the City had established its judgment lien on defendants' property.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for a hearing on the City's petition.

Reversed and remanded.

O'BRIEN and GALLAGHER, JJ., concur.