In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-2777

IN THE MATTER OF:

WILLIAM N. PORAYKO,

*Debtor*.

APPEAL OF:

EUGENE CRANE, Trustee

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 C 2630—**James B. Zagel**, *Judge*.

ARGUED JANUARY 14, 2013—DECIDED JANUARY 28, 2013

Before EASTERBROOK, *Chief Judge*, HAMILTON, *Circuit Judge*, and MILLER, *District Judge*.*

EASTERBROOK, *Chief Judge*. When William Porayko entered bankruptcy in August 2009, he had more than $10,000 in a checking account at TCF Bank. Travis Crowell claims that money. Crowell obtained a $73,000 judg-

---

* Of the Northern District of Indiana, sitting by designation.

ment against Porayko in October 2008; that same month Crowell served Porayko with a citation to discover assets. In Illinois, a citation creates a lien. 735 ILCS 5/2-1402(m). The competing claimant is Eugene Crane, as Trustee for the benefit of Porayko's creditors. The Trustee contends that a citation served on the owner of a bank account does not create a lien on the value of that account; only a citation directly on the bank can do that, the Trustee maintains. (Crowell did serve a citation on TCF Bank in June 2009, so close to the bankruptcy's commencement that any lien against the Bank is subject to the Trustee's avoiding powers. 11 U.S.C. §547(b)(4)(A).)

Crowell asked Bankruptcy Judge Hollis to lift the automatic stay, 11 U.S.C. §362(d), so that he could collect from TCF Bank while the bankruptcy proceeds. The parties agree that it is proper to lift the stay if, and only if, the citation served on Porayko creates a lien on the value of the checking account. Judge Hollis granted the motion, and the district court affirmed. We must decide whether Illinois law treats a citation served on a judgment debtor as a lien on the value of the debtor's bank account.

Section 5/2-1402(m) provides that a citation to discover assets creates a lien on all "nonexempt personal property, including money, choses in action, and effects of the judgment debtor". Paragraph (1) adds that this includes "all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor". Judge Hollis concluded that the value

of a checking account is "personal property" within the depositor's "control". This conclusion has the support of the only state decision that has mentioned the subject. *Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 878 (1st Dist. 1998); cf. *TM Ryan Co. v. 5350 South Shore, LLC*, 361 Ill. App. 3d 352 (1st Dist. 2005).

The Trustee asks us to disagree with *Air Auto Leasing* on the ground that the appellate court's statement is unreasoned. According to the Trustee, the Supreme Court of Illinois is likely to rule otherwise. The Trustee relies on the observation in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995), that a bank account "consists of nothing more or less than a promise to pay, from the bank to the depositor." The account's value therefore cannot be "personal property", the Trustee insists—which means, he tells us, that the vital issue is whether a checking account is a "chose in action." That question the Trustee answers in the negative, insisting that it is only a "potential" chose in action (which would ripen should the bank refuse to pay).

Strumpf did not present the question whether a bank account is "personal property" for the purpose of §5/2-1402(m) or a similar state law. It held that a bank does not violate §362 by deferring payment so that it can offset an account's value against a debt owed to it. The Court's point is that a bank is not a warehouse, as if its vault (like Gringotts Bank) held stacks of specie labeled for each depositor. A bank's delay in complying with a payment instruction does not take any property away from the depositor and so does not violate the auto-

matic stay. This does not speak to the question whether
an account holder's rights are "personal property." Cer-
tainly the rights are not *real* property! A bank account
may be an intangible interest, but intangible rights (for
example, patents or copyrights) are still personal prop-
erty. The Illinois statute asks what property rights
a judgment debtor "controls"; it is sensible to say that a
checking account's holder controls the right to designate
who receives the funds on deposit, which makes its value
a form of "personal property" under Illinois law.

We need not resolve the parties' debate about the
meaning of "chose in action". It is enough to agree with
the bankruptcy court that an account is "personal prop-
erty" under the definition in §5/2-1402(m)(1). The Trustee
has not identified any decision in Illinois—or for that
matter any other state—concluding that a bank account
is *not* personal property for the purpose of a statute
similar to §5/2-1402(m). It is therefore not surprising
that *Air Auto Leasing* was curt; the judges must have
thought the proposition obvious.

Indeed, if the Trustee were right, then serving a cita-
tion on a bank would be as useless as serving one on a
debtor. If the value of an account is not "personal prop-
erty" from the debtor's perspective, it is not "personal
property" from a bank's either. The bank sees an account
as a debt to its client—as a liability, not an asset. The
bank's assets lie in what it has done with the money (for
example, lent it to a business or homeowner); the bor-
rower's note promising to repay is the bank's property.
Bank accounts are an important form of personal wealth;

we cannot believe that Illinois has placed them beyond the reach of judgment creditors, and done so in such an obscure way.

A prudent judgment creditor will serve the judgment debtor's bank as well as the judgment debtor personally; otherwise the bank will go on paying the judgment debtor's checks, and the account may be depleted. Crowell might have secured a larger payment had it served TCF Bank, as well as Porayko, in August 2008. But the $10,000 that remained in August 2009, when bankruptcy began, was part of Porayko's personal property and covered by a lien superior to the Trustee's. The judgment therefore is

AFFIRMED.